May Term,
1851.
────────
Hoddy
v.
Hoard.

(1) See 1 Carter's Ind. R. 165.

────────────

Hoddy *v.* Hoard.

Courts of equity cannot require a grantor to execute a second deed where one previouly executed has been lost or destroyed while in the possession of the grantee.

Courts of equity will establish the possession of a party who claims title under a deed which has been lost or destroyed, or grant such relief as the circumstances of the case may require, at the costs of the party seeking relief; and in such case an affidavit of the loss of the instrument is necessary to sustain the bill.

Tuesday,
May 27.

ERROR to the *Lagrange* Circuit Court.

Smith, J.—*Hezekiah Hoard* filed a bill in chancery against *Washington Hoddy*, alleging that in the year 1838, he purchased a certain tract of land of the said *Hoddy*, for a valuable consideration, which he paid, and received a deed; that a few days after the deed had been received, the complainant's house took fire, and the deed, together with other property, was destroyed; and that the

complainant was thus left without any evidence whatever of his title to the land he had purchased.

The bill further alleges that the complainant had frequently requested *Hoddy* to give him another deed to the premises, offering to pay all the expenses of said second deed, but that *Hoddy* refused to comply with this request.

The prayer is that *Hoddy* be compelled to execute a deed for the premises, and for general relief.

*Hoddy* being a non-resident, notice was given him of the pendency of the suit by publication, and upon his failing to appear a decree was rendered *pro confesso*.

The decree ordered a commissioner to make a deed conveying to *Hoard* all the right, title, and interest of *Hoddy*, and of all previous claims under him, in the said premises, in as full and perfect a manner as the same were conveyed by the deed mentioned in the bill of complaint.

A deed was accordingly made and confirmed by the Court conveying all the right, title, and interest of *Hoddy* in and to said premises, to *Hoard* "in as full, complete, and ample a manner as the said *Hoddy* did or could hold the same previous to the execution of the deed heretofore made and destroyed by fire as specified" in the bill of complaint.

The Court also decreed that *Hoddy* should pay the costs of the proceedings.

This decree is erroneous. We know of no principle in equity jurisprudence by which a grantor can be required to execute a second deed where one previously executed has been lost or destroyed while in the possession of the grantee. Courts of equity will, indeed, establish the possession of a party who claims title under a deed which has been lost or destroyed, or grant such other relief as the particular circumstances of the case may require; but this ought not to be done at the expense of him who executed the lost instrument, for he is under no obligation to preserve the evidences of the

grantee's title, or to furnish a new deed if the deed originally delivered to him should be lost.

In cases of supposed lost instruments where relief is sought, an affidavit of the loss of the instrument, is necessary to sustain the bill. 1 Story's Eq. 88. In this case there was no such affidavit. The bill is not sworn to, and it contains no description of the contents of the deed alleged to be lost, or of the title or interest conveyed by it. The complainant merely states that he has lost a deed, for a certain tract of land, delivered to him by the defendant, and prays that the defendant may be compelled to make him another. The bill, therefore, presents no grounds for equitable relief.

*Per Curiam.*—The decree is reversed. Cause remanded with instructions to dismiss the bill at the costs of the complainant. Costs here.

*J. B. Howe*, for the plaintiff.

*E. A. McMahon*, for the defendant.