GEORGE B. GRIFFIN, APPELLANT, VS. ALEX. P. FRIES, APPELLEE.

1. When a suit in equity is pending between two parties a cross-bill filed therein by the defendant is a dependency on the original suit and can be sustained only on matter growing out of the original suit, and the affirmative relief sought must be equitable relief.

2. When a suit in ejectment is pendeng between two parties and the plaintiff in such suit files his bill in equity to restrain the defendant from cutting and removing timber from the land sued for, and the defendant in his answer denies the plaintiff's title to the land, and alleges that the title to the land is in himself, he may at the time of filing his answer file also a cross-bill praying that the plaintiff may be enjoined from further prosecuting his suit in ejectment, provided the facts set forth in said cross-bill entitle him to equitable relief.

3. Where a deed is lost without being recorded our statutes making its registration necessary in order to debar a subsequent purchaser without actual notice and for valuable consideration from asserting a superior right to the original purchaser, and in order to prevent the lien of judgment of creditors of the vendor from attaching thereto, a court of equity alone is adequate to afford the relief that might arise from future perils to the title from want of registration.

4. A court of equity has the power to re-establish a lost deed, and when it exercises jurisdiction for this purpose it will, when all the parties in interest are before it, and the only matter of controversy between them is the amount and description of land conveyed by said lost deed, the issue being found against the grantors in said deed, if the prayer of the bill justifies it, retain jurisdiction of said cause and make a final adjudication betweeen the parties by enjoining the grantors in said deed from further prosecuting a suit in ejectment against a party in possession of the land conveyed claiming title from the grantee in said deed.

5. A bill in equity by a defendant in ejectment praying that the plaintiff may be enjoined from further prosecuting his suit upon the bare allegation that a deed which is a link in his chain of title is lost, and not praying that said deed be re-established, is without equity and a demurrer thereto is properly sustained.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Fleming & Daniel* for Appellant.

*Doggett & Buckman* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellee, Alexander P. Fries, brought a suit in eject-ment against the appellant, George B. Griffin, for the pos-session of a tract of land in the county of Duval. While said suit was pending Fries filed a bill against Griffin to restrain him from cutting and removing timber from said land. He alleged in his bill that he was the owner of the land by operation of divers tax titles from the State of Florida and by a deed from William Alsop, the lawful owner of the same. The defendant, Griffin, filed his an-swer denying that Fries was the owner of the land and claiming title thereto by deed from Isaac Roberts, who claimed title thereto by deed from William Alsop of a date anterior to the deed from said Alsop to Fries. Grif-fin at the time of filing his answer also filed a cross-bill in which he alleges his purchase from and a conveyance to him by Roberts, and that Alsop had conveyed the land in controversy to Roberts a long time prior to the al-leged conveyance by him to Fries. That said deed was lost without being recorded, but that Fries had notice of the same. The cross-bill was demurred to, the demurrer sustained and the bill dismissed. The dismissing the cross-bill is the only error assigned. It is contended by counsel for appellee that the action of the Chancellor was correct because the cross-bill was not germane to the matters set up in the original bill. It is true that the cross-bill must be germane to the bill in the original suit, but it is clear

that this principle is not applicable to the bill now being considered. It is between the same parties, and touching the same subject matter in controversy. Fries relies on his ownership of the land to sustain his prayer for an injury to it. The cross-bill denies his ownership and alleges that Griffin owns the land, and in so far as that is concerned it is matter of defence merely; but it goes further and alleges that a deed from a party from whom he deraigns title is lost—that the existence of such deed was known to Fries— and prays for affirmative relief against him. The title of Fries is the basis of his suit, and without which it cannot be sustained. Any matter set up in the cross-bill going to show that title was not in Fries, or that it was in Griffin, is in our opinion clearly germane. In the case of German vs. Machin, 6 Paige, 288, the plaintiff filed a bill for partition of lands. The Chancellor (Walworth) held that the defendant could set up as a defence that he was in equity entitled to the whole of the premises, and that in addition to this as a defence, if he wished for affirmative relief on his part by a transfer of the premises to him, that a cross-bill was his proper remedy.

The relief sought must be equitable relief. The remaining inquiry is, do the facts set up in the cross-bill, if true, entitle the plaintiff therein to relief in equity? The bill alleges that a deed which was a link in the chain of title of Griffin was lost, and that there was no record of it made. It prays that Fries may be enjoined from further prosecuting his suit at law for the recovery of the land in controversy.

The loss of a deed is not always a cause for which a court of equity will grant relief; if this is the sole ground a defendant in a court of law where a suit is pending between the parties in which the land described in the lost deed is in controversy can have full relief by showing

by parol proof the contents of his lost deed.    Whitfield vs.
Faussett, 1 Vesey, 387.    In the case of Rogers vs. Cross, 3
Chandler, (Wis.) 34, the court say : "The loss or destruc-
tion of a deed may as well be established in a court of law
as in a court of equity, and when such suit at law had been
commenced Chancery will not interfere to suspend it."
The bare allegation that a deed is lost is not sufficient
ground to found a right to relief in equity.    Fonblanque's
Equity, Book 1, chap. 3, note h.    The bill must lay some
ground beside the mere loss of a title-deed to justify a
prayer for relief, as that the loss obstructs the complain-
ant's rights at law, or leaves him exposed to undue perils
in the future assertion of such rights.    Story Eq. Jur., sec.
84.    A court of equity has the power to decree a re-estab-
lishment of deeds which have become accidentally lost or
destroyed, on the ground that otherwise the complainant's
title would be defective or embarrassed.    Cummins vs. Coe,
10 Cal., 529 ; Hoddy vs. Hoard, 2 Ind., 474 ; Pomeroy's
Equity, 1376, and note.    In this case there is no prayer for
the re-establishment of the deed.    When the bill alleges the
former existence of a deed, its loss, with a prayer for
its re-establishment, and the evidence is satisfactory to its
existence, loss and contents, a court of equity will decree in
accordance with the prayer of the bill, and having jurisdic-
tion on this ground will retain the cause, and if all the cir-
cumstances and the prayer of the bill justify it, will make
a final decree settling the respective rights of the parties,
as in the case of Christy vs. Burch, at the present term, in
which the question of jurisdiction was conceded, or at least
not raised.    In that, Christy and wife had executed a deed
to one Houston which was lost, and the said Houston had
conveyed to Burch.    Christy having brought a suit for the
recovery of the property, Burch filed his bill praying a re-
establishment of the lost deed, and that Christy and wife

be enjoined from prosecuting their suit against him. The court having all the parties in interest before it, and the question as to the existence, loss and contents of the deed having been decided against the Christys, and there being no other question involved in the controversy between them, this court deemed it right to make a final decree establishing the lost deed and enjoining the Christys from prosecuting a suit which was against good conscience. But this case differs from that in this, that there is no prayer to re-establish the lost deed which was necessary to give this court jurisdiction. On the bare allegation of the loss of a deed it prays for an injunction to enjoin the plaintiff from prosecuting his suit at law, and lastly it appears from the record that the deed from Alsop was not the only ground on which he based his claim to a recovery in the ejectment suit. The record shows that he claims title also by virtue of certain tax titles. We would say further, that in our opinion that where a deed is lost and not recorded, that while a court of law can afford relief by permitting the party claiming under it to prove its contents in a suit then pending before it, that it is inadequate to afford relief from future dangers that may arise from subsequent purchasers and judgment creditors without actual notice, and that a court of equity is alone capable of dealing with such a case, not alone by affording present relief but by establishing safeguards against future exigencies, and, as we have said, that having jurisdiction for this purpose it will in suitable cases retain the cause and make a final adjudication between the parties.

Decree affirmed.