(108 So. 594)

### CADE et ux. v. WALKER. (6 Div. 458.)

(Supreme Court of Alabama. May 13, 1926. Rehearing Denied June 10, 1926.)

**1. Lost instruments ☞3, 12.**

Equity has jurisdiction to establish lost deeds and require grantors therein to execute new deeds in their stead.

**2. Lost instruments ☞12—On loss or destruction of unrecorded deed, equity will require execution of new deed, if bona fide purchasers or judgment creditors of grantor might acquire superior title.**

Upon loss of unrecorded deed, or destruction by other than grantee, equity will require execution of new deed whenever, under registration law, bona fide purchasers or judgment creditors of grantor might acquire title superior to that of complaining grantee.

**3. Lost instruments ☞12.**

Equity may require execution of new deed in place of one which has been lost, though complaining grantee is not in possession or entitled to immediate possession.

**4. Mortgages ☞294—Mortgagee attempting to sustain quitclaim deed from mortgagor has burden of alleging and proving that he was in all things fair and frank and paid full value.**

To sustain quitclaim deed from mortgagor to mortgagee, latter has burden of alleging and proving that he was in all things fair and frank, and paid what property was worth; the presumption being against him.

**5. Lost instruments ☞12—Bill for restoration of lost deed from mortgagor to mortgagee, failing to show mortgagee paid full value, held not to state ground for such relief.**

Bill in equity to compel execution of quitclaim deed to replace lost one executed by mortgagor to mortgagee, failing to show that mortgagee had paid full value *held* not to state ground for such equitable relief.

**6. Lost instruments ☞12—Although prayer in bill by mortgagee against mortgagor to compel execution of deed in place of one which had been lost contained no equity, alternative prayer for relief to which mortgagee might be entitled held sufficient to sustain bill against general demurrer.**

In suit by mortgagee against mortgagor, though portion of complaint seeking to require execution of deed to replace one lost was ineffective because not containing equity, alternative prayer for ascertainment of amount due, and such further orders and decrees as might be necessary to establish and protect complainant's right to the property, *held* to state ground for relief, and therefore bill was not subject to general demurrer.

**7. Equity ☞233.**

Where, in its alternative aspect, bill contains equity, general demurrer addressed to bill as whole is properly overruled.

**8. Mortgages** ⬦➡427(1)—**Where purchase-money mortgage is executed-by purchaser and his wife, wife is proper, but not necessary, party to bill for foreclosure.**

Where purchase-money mortgage is executed by purchaser and his wife, though her execution is not necessary for release of her dower and homestead rights, she is a proper, though not necessary, party to bill for foreclosure.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Thomas R. Walker against Joe Cade and Ella Cade. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Frank Deedmeyer and W. B. Harrison, both of Birmingham, for appellants.

The respondent wife was improperly joined, and the bill should have been dismissed as to her. Michie's Ala. Dig. 214; Leggett v. Bennett, 48 Ala. 380; Abraham v. Hall, 59 Ala. 386. Complainant has an adequate remedy at law. Being out of possession, he cannot quiet his title, in the absence of some impediment to sue at law. Saunders v. Saunders, 20 Ala. 710; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Belcher v. Scruggs, 125 Ala. 336, 27 So. 839; Jordan v. Phillips, 126 Ala. 561, 29 So. 831; Howison v. Baird, 138 Ala. 129, 35 So. 62. Loss of the deed does not justify a resort to equity. Yellow Pine Export Co. v. Sutherland Co., 141 Ala. 664, 37 So. 922; Smith Lbr. Co. v. Jernigan, 185 Ala. 125, 64 So. 300, Ann. Cas. 1916C, 654.

Black & Harris and John P. Barnes, all of Birmingham, for appellee.

A court of equity has power and jurisdiction to establish a lost deed. Owen v. Paul, 16 Ala. 130; Hudspeth v. Thomason, 46 Ala. 470; Torrent Fire Engine Co. v. Mobile, 101 Ala. 559, 14 So. 557; Sharon v. Tucker, 144 U. S. 533, 12 S. Ct. 720, 36 L. Ed. 532; Simmons Creek Coal Co. v. Doran, 142 U. S. 449, 12 S. Ct. 239, 35 L. Ed. 1063; Shugars v. Shugars, 105 Md. 336, 66 A. 273; Cartright v. Cartright, 70 W. Va. 507, 74 S. E. 655, Ann. Cas. 1914A, 578; Cummings v. Coe, 10 Cal. 529; Hord v. Baugh, 7 Humph. (Tenn.) 576, 46 Am. Dec. 91. Equity has power and jurisdiction to compel a reconveyance by the grantor to the grantee where a deed has been lost. Kent v. Church, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693. Boyes v. Ramsden, 34 Or. 253, 55 P. 538. The right of a grantee to have his title on the records is a substantial property right, and one which equity will protect, in case of loss of the deed before recording, by an action to restore, the deed. Midkiff v. Colton, 252 F. 420, 164 C. C. A. 344; Griffin v. Fries, 23 Fla. 173, 2 So. 266, 11 Am. St. Rep. 351; Wyman v. Hageman, 318 Ill. 64, 148 N. E. 852; Jacobson v. Roman, 57 Mont. 299, 188 P. 138.

SOMERVILLE, J. **[1, 2]** The jurisdiction of courts of equity to establish lost deeds and to require the grantors therein to execute new deeds in their stead seems to be thoroughly well settled. Owen v. Paul, 16 Ala. 130, 135; Hudspeth v. Thomason, 46 Ala. 470; Torrent, etc., Co. v. City of Mobile, 101 Ala. 559, 562, 14 So. 557; Griffin v. Fries, 23 Fla. 173, 2 So. 266, 268, 11 Am. St. Rep. 351; Cartright v. Cartright, 70 W. Va. 507, 74 S. E. 655, Ann. Cas. 1914A, 578, and note, citing numerous cases, 38 Corp. Jur. 253–255, §§ 11–13; 21 Corp. Jur. 84, 85, § 56; 4 Pom. Eq. 3279. And the overwhelming weight of reason, as well as of authority, is that, when an unrecorded deed has been accidentally lost or destroyed, or intentionally destroyed by other than the grantee, this jurisdiction will be exercised whenever, under registration laws, bona fide purchasers from, or judgment creditors of, the grantor may acquire a superior title superior to that of the complaining grantee, even though no other ground for equitable relief is presented. Owen v. Paul, 16 Ala. 130; Griffin v. Fries, supra; Cartright v. Cartright, supra, and causes cited in note.

"Moreover," as observed by the West Virginia court in Cartright v. Cartright, supra, "it is the policy of the law to secure to the owner the full enjoyment of his property, one essential element of which is the jus disponendi, and while he may not be in immediate danger of an ouster, still if he is not able to deraign title by the record, and is compelled to rely upon the testimony of witnesses to establish it, the market value of his property will thereby be materially affected. In order to relieve the owner's title of such embarrassment and facilitate the transfer of his property, equity will restore a lost deed, even if no other relief be demanded, when the rights of others will not thereby be violated."

As declared by the Florida court in Griffin v. Fries, supra:

"A court of equity is alone capable of dealing with such a case, not alone by affording present relief but by establishing safeguards against future exigencies, and, as we have said, that having jurisdiction for this purpose it will in suitable cases retain the cause and make a final adjudication between the parties."

**[3]** These considerations, upon which the jurisdiction of equity is grounded, are, we think, equally cogent whether the complaining grantee is in or out of possession, or whether he is or is not entitled to immediate possession. Low v. Staples, 2 Nev. 209, 212; 38 Corp. Jur. 254. An action and recovery at law would leave the complainant in as

precarious a condition as before—open to another action at law by the former defendant, and subject to the claims of judgment creditors and purchasers without notice of the lost deed.

The view that the remedy is not open to a complainant against his grantor, or one holding under him, who is in possession of the land (Hershey v. Robson [Sup.] 121 N. Y. S. 167), has probably been suggested by the text of Story and Beach (1 Story Eq. 126; 1 Beach Eq. § 20), which were based on Lord Hardwicke's dictum (1750) in Whitfield v. Fausset, 1 Vesey, 392:

"The loss of a deed is not always a ground to come into a court of equity for relief; for if there was no more in the case, although he is entitled to have a discovery of that, whether lost or not, courts of law admit evidence of a deed, proving the existence of it and the contents, just as a court of equity does."

That dictum is readily intelligible, for registration of titles was not required, and the special considerations to which we have adverted, and which modern courts now recognize, were entirely absent. The distinction is well stated in the case of Midkiff v. Colton, 252 F. 420, 422, 164 C. C. A. 344.

[4, 5] The bill of complaint, however, exhibits a fatal impediment to the invocation of this equity. The respondent Joe Cade bought the land from complainant in October, 1913, and Joe Cade and his wife, Ella Cade, on the same day executed a purchase-money mortgage to complainant securing the serial monthly payment of 52 notes of $20 each, of which 26 had been paid up to May, 1918. In that month the two respondents jointly executed to complainant "a quitclaim deed * * * reconveying to your complainant the premises above described, * * * and relinquishing all right, title, and interest of the said Joe Cade and Ella Cade in and to the property conveyed in the deed herein first above described."

In order to sustain such a transaction between mortgagor and mortgagee, "it must be shown that the conduct of the mortgagee was in all things fair and frank, and that he paid for the property what it was worth." As to these matters the presumption is against the mortgagee, and the burden is upon him to allege and prove. Shaw v. Lacy, 199 Ala. 450, 74 So. 933. Under the showing of this bill, equity would not only decline to order a re-execution of the lost deed but on proper cross-bill would decree its nullity.

[6] There being no equity in that aspect of the bill, the equity of the bill, if any it have, must be sought in the alternative prayer "to determine the exact amount and interest of each party complainant and respondent in and to said land, and if complainant fails to establish said deed, that this court will order the register to ascertain the amount due and unpaid with interest thereon on the mortgage [set forth in the bill], and that this court will make all such further orders and decrees as may be necessary to establish the right of complainant in and to said property and to protect the same, and to procure for him the possession, enjoyment and use thereof. * * *"

Analysis of this prayer is somewhat difficult; but, while it is not in technical form a general prayer, it may be regarded as a prayer for such general relief as a mortgagee may be entitled to after the law day of the mortgage, viz. the establishment of the mortgage, the ascertainment of the balance due thereon, and a decree of foreclosure. We think that this relief is comprehended in the prayer, and would be appropriate to the allegations of the bill, which, stripped of what is ineffective, show no more than the relation of mortgagor and mortgagee.

[7] The demurrer is addressed to the bill as a whole, and, since its alternative aspect as a bill for foreclosure contains equity, and is not subject to any ground of demurrer, the demurrer was properly overruled.

[8] The demurrer as for misjoinder of parties respondent is without merit. When a mortgage is executed by the mortgagor in interest and his wife—even though it be a purchase-money mortgage, and the wife's execution is not necessary for the release of her dower and homestead rights—she is always a proper, though not a necessary, party to a bill for foreclosure. Davis v. Taylor-Lowenstein & Co., 158 Ala. 227, 230, 231, 47 So. 653.

For the reasons above stated, the decree overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.