318 So.2d 241

Wilson G. **WILKERSON**

v.

**John L. MOORE, as Judge, etc., et al.**

**SC 1139.**

Supreme Court of Alabama.

Aug. 21, 1975.

Robert S. Edington, Mobile, for appellant.

Daniel G. Sayers, Mobile, for John L. Moore, as Probate Judge and for Ralph W. Havard, as Tax Collector.

Hamilton, Butler, Riddick & Latour and James W. Tarlton, III, Mobile, for heirs of estate of J. T. Trehern and Mrs. Leila Trehern, appellees.

MERRILL, Justice.

This appeal is from an order dismissing the complaint of Wilson G. Wilkerson which sought the re-establishment or restoration of a lost tax certificate issued by the State of Alabama.

The suit was filed against the Probate Judge of Mobile County, the Tax Collector, and the State Commissioner of Revenue as State Land Commissioner.

The gist of the complaint follows. In June, 1966, the State purchased the 26 acres involved at a tax sale, the property being assessed to J. T. Trehern. On July 13, 1967, Wilkerson paid the State Land Commissioner $127.26 and the Commissioner transferred the State's interest in the property to Wilkerson by assignment of the certificate of purchase. Notice of the transfer was placed on the delinquent tax docket for real estate in Mobile County, and on the tax return list for real and personal property. There is no double assessment of the property and all taxes have been paid by Wilkerson.

In 1974, Wilkerson requested the probate judge to issue to him a duplicate tax certificate and a tax deed to the property. The judge declined to issue the deed without a tax certificate and refused to issue a duplicate certificate. The State Land Commissioner also refused to issue a duplicate tax certificate without an order from a court of competent jurisdiction, but he

did issue a statement recognizing the fact that "the State transferred its interest in said [J. T. Trehern] property to Wilson G. Wilkerson by assignment of the Certificate of Purchase for the consideration of $127.-26." Exhibit B.

The complaint showed that the tax certificate was subsequently lost or destroyed without having been recorded. Wilkerson's wife filed an affidavit which stated in part:

"3. About a year or two after that we had some domestic difficulties and one day I was very upset with him and burned up all of his papers that I could find around the house. I am certain that the subject tax certificate was in that batch of papers.

"4. Since then we have gotten back together and are living together quite happily and we have tried to find the tax certificate. We have been through every place in the house that we can think of and through all of our luggage and into the attic and in every drawer and can't find any trace of it whatsoever. I am absolutely certain as I have already said that it was burned up with those papers in 1968 or 1969 and that it is forever lost. I know that my husband never sold the property to anybody else and never transferred the tax certificate, as we have lived on the property all of this time, except until recently when we went to Hattiesburg, where he could get better work and then rented the property to may brother and his family and they are living on the property now.

"5. I know that the tax certificate has been destroyed or completely lost, and I also know that it was never sold by my husband to anyone and that we have paid the taxes on the property since 1967 and have lived on the property since 1967 and until we rented it to my brother, and his family to occupy while we are temporarily working at a better job over in Hattiesburg."

The complaint, verified by Wilkerson, also stated that the certificate had not been further assigned or endorsed by him.

The complaint was filed under the provisions of Tit. 7, § 15 and, in a second aspect, under the general equity jurisdiction of the circuit court. Tit. 7, § 15 reads:

"The circuit courts of this state shall have jurisdiction at the suit of the state, county or municipality, or any citizen who will give security for the costs of the proceeding, to establish or restore any lost, destroyed or mutilated records of the state, county, or municipality, or of any department, agency or instrumentality of the state, county or municipality. Such court shall have jurisdiction and power to prescribe all necessary rules, regulations, and proceedings proper or necessary to substitute or restore lost, destroyed, or mutilated records and when so established or restored, declare them to be the proper and legal records as the original which was so lost, destroyed or mutilated. The proceedings shall be ex parte, and any citizen of the state who will give security for the costs of the appeal may appeal from the order, judgment, or decision of the circuit court, establishing or restoring or refusing to establish or restore such records, to the supreme court of the state, provided the appeal is taken within six months from the rendition of the judgment, order or decree of the circuit court. The evidence on the hearing in the circuit court may be by depositions or affidavits, and witnesses may be examined orally and their testimony taken down by the court stenographer and transcribed and certified by him as being true and correct, and on appeal to the supreme court, the transcript of the record, proceedings and all testimony shall be certified by the circuit court to the supreme court. Upon the hearing in the supreme court, the supreme court may affirm or reverse the judgment or order of the circuit court, or may render such judgment, order or decree as the circuit

court should have rendered on the record and evidence so certified. The proceeding under this section shall not be deemed exclusive, but additional or supplementary to any other remedy given by common law or statute."

■ The trial court dismissed the complaint on the ground that the tax certificate was not the record of the state, county or municipality, and that those records still existed, but the tax certificate "is the private property of the petitioner, Wilson G. Wilkerson." Counsel for the probate judge and tax collector support that point in brief on appeal. We cannot agree.

In this instance the certificate, a state record, was issued to Wilkerson. Under the provisions of Tit. 51, § 276, Code 1940, the judge of probate can only execute and deliver a deed "upon the return of the certificate." Unless the purchaser can get a duplicate of the state record, he is effectively cut off from his lawful remedy. The statement from the Commissioner of Revenue establishes that Wilkerson was entitled to the certificate. The documentary proof establishes prima facie that the certificate was lost or destroyed while in Wilkerson's possession and that he had not assigned it to anyone else under Tit. 51, § 270.

This court, in considering tax records that have been lost, stolen or destroyed, said in *Wise v. State,* 208 Ala. 58, 93 So. 886 (citations omitted):

"The records in question are a part of the basis of, or jurisdictional fact on which must rest, the state's right to collect the taxes on property, and such a record is oft-times the foundation of title to property purchased by strangers at tax sales. * * *

* * * * * *

"The inherent power in a court of general jurisdiction to restore and establish its lost or destroyed records exists, under the common law, independently of statute. * * * This right of restoration extends to the whole or part of a record. Where a part of a record is substituted, it must be consistent with the part remaining, and as substituted must not alter or vary its legal effect. The power of substitution exists either before or after judgment.

* * * * * *

"'When records become material in the determination of rights between parties, and those records are shown to have existed, and to have been afterwards lost or destroyed, their contents, like those of documentary evidence may be shown by testimony in its nature secondary.'

* * * * * *

"'They were records, and should have been preserved. But, if sufficient when made and filed, their destruction has not destroyed their efficacy, if the contents can now be established by proof. Parol testimony, if clear and satisfactory, is competent * * * to establish their existence, loss and contents.'"

Later, in *Cade v. Walker,* 214 Ala. 675, 108 So. 594, this court again stated that "The jurisdiction of courts of equity to establish lost deeds and to require the grantors therein to execute new deeds in their stead seems to be thoroughly well settled."

Counsel for the probate judge and the tax collector recognize these principles but they say as to *Cade v. Walker,* supra, that it "deals with a lost deed, not a tax certificate"; as to *Wise v. State,* supra, they remind us "that the property in the case at bar seeking to be restored as the *personal property* of Mr. Wilkerson, and the records that belong to the state or agency thereof, are still in existence and need not be duplicated."

We have already shown that the tax deed cannot be issued unless the original certificate or a duplicate is presented to the probate judge. Thus, the certificate becomes as important as the deed and, in such a case, we can see no reasonable reason why the certificate, a state record,

could not be duplicated under court order as well as the deed. Also, we cannot agree that the tax certificate was any more or less the personal property of the' holder than a deed is the personal property of the grantee.

■ We hold that Wilkerson made out a prima facie case under both Tit. 7, § 15, and the general power of the courts to restore lost or destroyed records under the common law, independently of statute. The judgment of the trial court is reversed and the cause is remanded.

Two more matters require discussion. Many tax certificates are lost before being presented to the probate judge, but probate judges have been following opinions of the Attorney General, the fullest and most adequate of which was written by Assistant Attorney General John Vardaman, later President of the Alabama State Bar Association, in Opinions of the Attorney General, Vol. 30, Jan., Feb., Mar., 1943, at p. 32. He correctly advised a probate judge that "the requirements of Title 51, Section 276, supra, are fulfilled by the presentation of a duplicate certificate of purchase." Other excerpts state:

"The danger in accepting such a duplicate certificate is in the fact that the original certificate may have been assigned by the purchaser at the tax sale to some other person. Such an assignment is provided for by Code 1940, Title 51, Section 270. * * *

* * * * * *

"It is my opinion that you would be adequately protected in accepting a duplicate certificate issued by the tax collector provided you secure from the person presenting such certificate an affidavit that he has not assigned the original certificate and that he is still the owner thereof. You should also have the records in the tax assessor's office checked to see whether or not an assignee has assessed such property as is provided for in the above-quoted excerpt of Title 51, Section 270.

"If you still desire to protect yourself further you could, as suggested in the opinion to Hon. W. C. Bragg, supra, require the applicant to give an indemnifying bond or you could, as suggested in the opinion to Hon. E. A. Hammett, supra, require the applicant to have his lost certificate re-established in a court of equity following the precedent outlined in *Wise v. State,* 208 Ala. 58, 93 So. 886."

■ Most land sold to the State for taxes is considered to be of little value and the purchaser who has lost his certificate usually is called upon to post a small indemnifying bond. The 26-acre tract here involved was probably in the small value classification when sold in 1966, but the subsequent discovery of oil in that region would greatly increase its value if, in fact, oil were to be found near it. For that reason, a "small indemnifying bond" would probably not be suitable. However, under the facts as here presented, an affidavit by Wilkerson that he had not transferred or assigned the certificate, plus an affidavit by his wife substantially the same as she made in the instant case, filed with the proper authorities, would be sufficient to justify the issuance of the duplicate certificate and the deed.

The other matter concerns the amicus curiae brief of the heirs of J. T. Trehern, who was the record owner of the 26 acres. They asked, and were granted, permission to file such a brief.

■ The heirs insist that Wilkerson is not entitled to the relief sought in the instant case because the Trehern heirs were not parties to it, but are parties to a suit to quiet title to the tract which was filed in January, 1975, after the decision in the instant case in the Circuit Court of Mobile County. We do not agree.

Our decision here merely gives Wilkerson the right to apply for a duplicate tax certificate if it is established that the original certificate was lost, destroyed or stolen

and that he has not transferred or assigned it; and that such duplicate certificate, if ordered issued, could be returned and exchanged for a tax deed under Tit. 51, § 276. No attempt is here made to intimate or suggest who has superior title to the land involved.

Reversed and remanded.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.