322 So.2d 713
**Alta RILEY et al.**

v.

**James B. DEPRIEST.**

**SC 1254.**

Supreme Court of Alabama.

Nov. 6, 1975.

G. W. Nicholson, Birmingham, for appellants.

Sam L. Reames, Birmingham, for appellee.

BLOODWORTH, Justice.

Plaintiffs appeal from an adverse judgment entered by the court after a directed verdict for defendant.

Plaintiffs sued defendant in a statutory action of ejectment seeking to recover two tracts of land lying in Jefferson County. Defendant filed an answer pleading the general issue, a suggestion of adverse possession, and the "short statute of limitations," Tit. 51, § 295, Code of Alabama 1940.

Plaintiffs are the heirs at law of T. W. and Lizzie Mae Tillerson in whom the paper title was shown. The undisputed testimony for the defendant shows that he purchased the tracts at a tax sale on December 2, 1964, and has paid the taxes on the land since that date. Although he was entitled to demand a deed thereto in December, 1967, it was not until June 3, 1974, that he obtained the tax deed. The two tracts in question lie on either side of defendant's home place. Defendant went into possession under his certificate of sale on December 2, 1964, and claims continu-

ous possession of the tracts since that date. About 1968, he placed a chain link fence around part of the property. He has had it surveyed. During the year 1967, 1968, or 1969, he put a sewage line over part of the property. Defendant has planted a garden and shrubbery on the tracts, cleared brush, and mowed grassy areas. He placed a driveway across part of the property.

At the conclusion of the evidence, the trial judge directed a verdict for the defendant on the authority of Tit. 51, § 295, Code of Alabama 1940.

On this appeal, plaintiffs urge that the trial court erred to a reversal in directing a verdict for defendant. They contend that Tit. 51, § 295 (the so-called "short statute of limitations") does not begin to run until the purchaser is shown to have been in adverse possession and has become entitled to demand a deed to the tracts. Plaintiffs say the issue of adverse possession should have been submitted to the jury.

Defendant contends that the undisputed testimony is that he has been in adverse possession of the tracts since the date of the tax sale. He claims that plaintiffs have paid no taxes and have not offered any evidence of their possession. He thus maintains that there was nothing to submit to the jury and that under Tit. 51, § 295, he was entitled to recover.

Tit. 51, § 295, supra, provides:

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs or legal representatives, shall be allowed one year after such disability is removed to bring suit for the recovery thereof; but this section shall not apply to any action brought by the state; nor to cases in

which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale; nor shall they apply to cases in which the·real estate sold was not, at the time of the assessment, or of the sale, subject to taxation."

 Under this statute, our cases have held that three years of continuous adverse possession of the lands by the tax sale purchaser, measured from the date that he becomes entitled to demand a tax deed thereto, will bar an action by the former owner except in those instances mentioned in the statute. (The exceptions are inapplicable here.) *Turnham v. Potter*, 289 Ala. 685, 271 So.2d 246 (1972).

The record in this case is devoid of evidence showing that plaintiffs possessed any part of the lands after the tax sale to defendant nor does the record show that plaintiffs have paid any taxes on the tracts.

 On the other hand, the evidence is undisputed that defendant (who resided on his home place between the two tracts) went into possession under his certificate of sale in 1964, placed a fence on part of the property, had it surveyed, put a sewage line over part of it, planted a garden and shrubbery, cleared brush, mowed grassy areas, and put a driveway over a portion of the property. Defendant became entitled to demand a deed therefor in 1967 under the provisions of Tit. 51, § 276. Thus, defendant completed three years of continuous, adverse possession in 1970. Plaintiffs did not file suit until June 4, 1974. Consequently, plaintiffs' action was barred by the provisions of Tit. 51, § 295, *supra*.

Moreover, ejectment is a possessory action. *Salter v. Fox*, 191 Ala. 34, 67 So. 1006 (1915). In order for plaintiffs to recover, they must show their right to possession at the time suit was instituted. *Salter v. Fox*, supra.

We hold that, under the evidence and these authorities, there was no reversible error in the granting of a directed verdict for defendant.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.