SHORES, Justice.
Plaintiff sued the defendants seeking to quiet title to approximately 26 acres of land outside the city limits of Satsuma, Alabama. The property, which had been owned by and assessed in the name of J. T. Trehern, was sold for taxes on June 10, 1966, and purchased by the State. On July 13, 1967, a tax certificate was issued by the State to plaintiff Wilkerson; and notice of the transfer of the tax certificate was placed on the delinquent tax docket of real estate in Mobile County. Wilkerson alleged that he has been in possession of the property since that time. Defendants are the heirs of J. T. Trehern, who died in 1953. They filed a counterclaim seeking redemption of the property from the tax sale.
• The trial court quieted title in the plaintiff, and the defendants appealed.
Both sides agree that there are no factual disputes. Immediately after Wilkerson bought the property for taxes in 1967, he and his wife moved onto the property, occupying a house situated thereon. They separated because of a marital dispute sometime in 1968 or 1969 for approximately six months. Wilkerson moved to Mississippi, but his wife continued to live on the property. During that period, she either lost or probably destroyed the tax certificate. The evidence was that, because of the marital dispute, she burned all of her husband’s papers. After about six months, the Wilk-ersons were reconciled and Mr. Wilkerson again joined his wife in the house situated on the property.
They continued to live on the property until 1972, when the two of them moved to Hattiesburg, Mississippi. At that time, they rented the property to Mrs. Wilkerson’s father and to her brother and his’ family, who were still living there as tenants of the Wilkersons at the time of the trial. Wilkerson has paid all taxes on the property since 1967. None of the Trehern heirs has lived on the property since 1967; and none of them has paid any taxes on it since 1965.
In 1974, Wilkerson requested the probate judge to issue to him a duplicate tax certificate. When the probate judge refused, Wilkerson filed an action to require the issuance of a duplicate certificate. This court, in Wilkerson v. Moore, 294 Ala. 373, 377, 378, 318 So.2d 241, 245 (1975), held that Wilkerson was entitled to “ . . . apply for a duplicate tax certificate if it is established that the original certificate was lost, destroyed or stolen and that he has not transferred or assigned it; and that such duplicate certificate, if ordered issued, could be returned and exchanged for a tax deed under Tit. 51, § 276. ...” The duplicate certificate was issued to Wilkerson in September, 1975.
The question is: When did Wilkerson become entitled to demand a deed to the property within the meaning of Title 51, § 295, Code (now § 40-10-82, 1975 Code), which provides:

“Limitation of actions.

“No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor .. . .”
The Trehern heirs contend that Wilkerson did not become entitled to demand a deed to the property until he acquired a duplicate tax certificate in September, 1975. Wilkerson, on the other hand, insists that he became entitled to demand a deed to the property within the meaning of the foregoing statute three years from the date of the tax sale under Title 51, § 276, Code (now § 40-10-29), which provides:
“Deeds — Delivered to purchaser.
“After the expiration of three years from the date of the sale of any real estate for taxes, the judge of probate then in office must execute and deliver to the purchas *1187 er, other than the state, or person to whom the certificate of purchase has been assigned, upon the return of the certificate and payment of a fee of $1.00 to the judge of probate, a deed to each lot or parcel of real estate sold to the purchaser and remaining unredeemed . .
We agree with Wilkerson. In. Riley v. Depriest, 295 Ala. 68, 322 So.2d 713 (1975), the purchaser bought the property at a tax sale on December 2, 1964, and went into possession of the property under his certificate on that date. He did not apply for a deed to the property until June 3, 1974. This court held, however, that the purchaser was entitled to demand a deed to the property in December, 1967, three years after the date of the sale. Citing Title 51, § 295, this court said:
“Under this statute, our cases have held that three years of continuous adverse possession of the lands by the tax sale purchaser, measured from the date that he becomes entitled to demand a tax deed thereto, will bar an action by the former owner except in those instances mentioned in the statute. . . . ” (295 Ala. at 70, 322 So.2d at 715)
In Riley, supra, the court noted that the purchaser bought the property in December, 1964, and went into possession under his certificate of sale at that time. He, therefore, “ . . . became entitled to demand a deed therefor in 1967 under the provisions of Tit. 51, § 276. . . . ” (Emphasis Supplied) (295 Ala. at 70, 322 So.2d at 715) Thus, the action was barred by Title 51, § 295, Code.
In the instant case, the property was sold for taxes in 1966; Wilkerson purchased the property at a tax sale in 1967. He immediately went into possession under his certificate of title. He, therefore, became entitled to demand a deed to the property, if not in 1969, at least by 1970. Thus, he completed three years of continuous, adverse possession no later than 1973. The claim of the Trehern heirs is, therefore, barred by Title 51, § 295, Code.
In support of their argument that Wilkerson was not entitled to demand a deed until he was issued a duplicate certificate, the Trehern heirs assert that the probate judge was not required to issue a deed under Title 51, § 276, until Wilkerson returned the certificate to him and paid the $1.00 fee. They say that, inasmuch as Tre-hern was incapable of returning the certificate until a duplicate was issued in 1975, he did not become entitled to a deed until that time. We are not persuaded by this argument. The requirement that the certificate be returned to the probate judge is for his protection and its loss or destruction did not destroy the rights of Wilkerson under it. This was explicitly recognized in Wilkerson v. Moore, supra, which held that the destruction of the tax certificate did not destroy the efficacy of Wilkerson’s claim thereunder.
The Trehern heirs next argue that the tax sale to Wilkerson was void because the property was assessed in the name of a deceased person. Whether void or valid, continuous adverse possession of the land by the purchaser at a tax sale for three years after he became entitled to demand a' tax deed bars an action to recover the land by the former owner. Turnham v. Potter, 289 Ala. 685, 271 So.2d 246 (1972); Finerson v. Hubbard, 255 Ala. 551, 52 So.2d 506 (1951); Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609 (1949); Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165 (1947); Odom v. Averett, 248 Ala. 289, 27 So.2d 479 (1946).
If there was evidence to support the trial court’s conclusion that Wilkerson remained in open, notorious and adverse possession of the property for three years after he became entitled to demand a deed, the judgment appealed from is due to be affirmed. As noted, the evidence shows that Wilkerson and his family lived in the house on the property from July, 1967, through mid-1972. They then rented the property to Mrs. Wilkerson’s father and later to her brother and his family. The brother remains on the property. Additionally, Wilkerson erected strands of wire and a partial fence on the south side of the property and rented- a *1188 portion of it annually to area residents for gardens and for a pig pen. At one time, Wilkerson erected “no trespassing” signs on the property; he chased off hunters from the property and allowed his father-in-law to farm part of the land and raise pigs and horses on it. These acts constitute evidence from which the trial court could have concluded, correctly, that Wilkerson was in actual, adverse possession of the property. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.