# Davidson v. Cox.

*Statutory Action of Ejectment.*

1. *Alienation of wife's land; how husband's assent manifested; void deed.*—Under the statute (Code of 1886, § 2348), providing for the alienation of the wife's lands, it is necessary for a valid conveyance that the husband should join in the alienation in the same manner as if the land belonged to him in severalty, jointly or in common with others; and the mere signature of the husband to his wife's deed, purporting to convey her land, the wife's name only appearing in the body of the instrument, is not an efficacious manifestation of the husband's assent to and concurrence in the conveyance as required by the statute, and such instrument is but the void deed of the wife, and ineffective to pass title.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

VOL. 112.

[Davidson v. Cox.]

This was a statutory action of ejectment, brought by the appellees against the appellant.

The cause was tried upon issue joined upon the plea of not guilty. The plaintiffs claim title to the property sued for as heirs-at-law of their mother, Mrs. C. E. Cox, by whom it was admitted the property was owned in her lifetime.

The defendant was in possession as tenant of the Gadsden Building & Loan Association. The Gadsden Building & Loan Association claimed as purchaser at a foreclosure sale of a deed of trust, which was executed by Mrs. C. E. Cox, the mother of the plaintiffs. This deed of trust was executed by Mrs. C. E. Cox to the Gadsden Building & Loan Association, and was signed by both herself and husband, E. W. Cox, but E. W. Cox nowhere appeared in the body of the deed of trust as one of the grantors.

Upon the defendants offering to introduce in evidence said deed of trust, the plaintiffs objected to the introduction thereof, on the grounds that the name of the husband did not appear in the body of the deed of trust, and that said deed showed on its face that the husband did not join with his wife in the alienation of said property. The court sustained this objection, and refused to allow the deed of trust to be introduced in evidence, and to this ruling the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered in favor of the plaintiffs. The defendant appeals, and assigns as error the rulings of the court upon the evidence, and the rendition of judgment for the defendant.

GOODHUE & SIBERT, for appellant.—The principle laid down in the cases of *Blythe v. Dargin*, 68 Ala. 370, and *Hammond v. Thompson*, 56 Ala. 590, are not applicable to this case. They were decided while the former married woman's law was in existence, and were based upon the theory, that under the former law the husband was a necessary party to the conveyance, because the property of the wife vested in him as the wife's trustee. Under the present law, it has been decided that the wife's consent to convey, only when the assent or concurrence of the husband in writing is shown, will be

[Davidson v. Cox.]

enforced.—*Knox v. Childersburg Land Co.*, 86 Ala. 183; *M. & C. R. R. Co. v. Bynum*, 92 Ala. 337; *Ramage v. Towles*, 85 Ala. 588; *Rooney v. Michael*, 84 Ala. 590; *Bruce v. Bruce*, 95 Ala. 567. In order to show this assent and concurrence, it is only necessary that the husband should sign the deed, for it has been expressly held, "It will be sufficient if the husband merely signs the deed; it is not necessary for him to be named in the deed as one of the grantors."—5 Amer. & Eng. Encyc. of Law, 528, n. 2; *Elliott v. Sleeper*, 2 N. H. 525; *Stone v. Montgomery*, 35 Miss. 83; *Woodward v. Seaver*, 38 N. H. 29; *Hill v. Bearse*, 9 Allen 406; *Ingoldsby v. Juan*, 12 Cal. 564.

GEORGE D. MOTLEY, *contra*.—The deed of trust offered in evidence was void, because there was no joinder in the alienation by the husband.—*Blythe v. Dargin*, 68 Ala. 370. This being a conveyance by a married woman of her statutory separate estate and the husband not being made a grantor in the conveyance, nor any evidence of an intention to pass his estate or interest in the land being shown, the deed is the mere void conveyance of the wife to which the husband was not a party, and to which his concurrence was not expressed in the mode prescribed by statute.—*Bylthe v. Dargin*, *supra*. The wife's name only appearing in the granting clause, although signed by the husband, is not a joining in the alienation as required by the statute. Code of 1886, § 2348; *Sheldon v. Carter*, 90 Ala. 380, and cases cited.

The consent in writing of the husband to a conveyance by the wife in the execution of which he does not join will not render it valid.—*Hammond v. Thompson*, 56 Ala. 589; Code of 1886, § 2348.

McCLELLAN, J.—The only question in this case is whether the mere signature of the husband to the wife's deed purporting to convey her land, the wife's name only appearing in the body of the instrument, is an efficacious manifestation of his assent to and concurrence in the conveyance. In our opinion the express terms of the statute answer this inquiry in the negative. Its language is: "The wife * * * * cannot alienate her lands, or any interest therein, without the assent and

[Davidson v. Cox.]

concurrence of the husband ; the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land.''—Code of 1886, § 2348. This can mean nothing more or less than the husband shall join in the alienation in such way as would be necessary to a conveyance of his interest in the land if the land belonged to him in severalty or jointly or in common with others ; and in such case his mere subscription to the conveyance, another party alone being mentioned in the instrument as grantor, would not make it his deed, nor pass any interest he owned in the premises.—*Sheldon v. Carter,* 90 Ala. 380. This view is strengthened by the rulings of this court on the former statute, which provided that ''the property of the wife, or any part thereof, may be sold by the husband and wife and conveyed by them jointly, by instrument in writing attested by two witnesses,'' (Code of 1876, § 2707) ; and under which it was held that an instrument such as we have here, purporting to be the conveyance of the wife alone on its face, but signed by both husband and wife, is no more nor less than the void deed of the wife, to which the husband is not a party, *and to which his concurrence is not expressed in the only mode in which the law authorizes its expression.*—*Blythe & Wife v. Dargin,* 68 Ala. 370. It is urged, however, that the husband had some interest or title in the wife's lands as her trustee under the former statute, which he has not under the present one, that such interest or title made a necessity for his joining in the alienation which has no existence now ; and that, therefore, the decisions under the former statute are of no authority in respect of this one &c. &c. But, it is to be said in answer to this that the decision just referred to is expressly put upon the ground—not of any supposed interest or title in the husband, but—that the statute required his assent and concurrence to be expressed by joining in the conveyance, and it could not be expressed in any other mode. The present statute requires the expression of the husband's assent and concurrence in this mode. It was not so manifested in the attempted conveyance involved in this case. The instrument, we conclude, was no more or less than the void deed of the wife. The city court properly excluded

33

it from the evidence on the trial, and properly rendered judgment for the plaintiffs.

Affirmed.