# Interstate Building & Loan Association *v.* Agricola.

### *Bill to Determine Claims to Real Estate.*

1. *Conveyance; no form of words necessary in.*—To pass title to land words must be used sufficient to show an intention of the parties to convey, but neither under the common law nor the statute is any set form or arrangement of words necessary. It is sufficient if those adopted show an intention of the parties to convey.

2. *Same; by married woman; what sufficient assent of husband.* The intention of parties to convey land may be arrived at from words supplied by adoption from another deed where the writing under construction makes appropriate reference thereto; or parts of a deed may be referred to and made operative upon other apparently disconnected parts of the same instrument. Hence, where a mortgage by a married woman is drawn in terms which would be appropriate for a mortgage by her if

she were a *feme sole*, reciting the consideration and description of the property and using apt words for its conveyance, and at the conclusion of its recitals of her action are the following words, "And I, husband of Emma F. Hamlin, hereby consent to the making and execution of this deed by her and join her in its execution and the conveyance of the property to the Interstate Building and Loan Association," and both husband and wife duly execute and acknowledge the instrument, the same is a valid mortgage, the words added by the husband being a sufficient compliance with the statute which requires the assent and concurrence of the husband to the alienation of her land by the wife.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by Otto Agricola against the Interstate B. & L. Association.

The facts of this case succinctly stated are these: Mrs. Emma F. Hamlin executed a mortgage to one Bellinger on certain land. The law day of this mortgage having arrived, and Bellinger demanding payment of the mortgage debt, Mrs. Hamlin applied to the Interstate Building and Loan Association for the money.

The Association did make her a loan and took from her a mortgage on the property embraced in the Bellinger mortgage. It took up and cancelled the latter mortgage out of the amount loaned. Connected with the mortgage and a part of the same was a bond executed by Mrs. Hamlin to the Association, reciting that she was a member of the Association and had secured the loan to be paid in installments in accordance with the by-laws of the Association; and that she would pay the taxes, insurance, &c. It was to these matters that the exceptions to the answer referred. The letters mentioned in the opinion were from the complainant to officers of the Association, notifying them that he had purchased the mortgaged property and that he would pay the installments, and expressing his wishes as to insuring the property. After paying a number of the installments mentioned in the mortgage and bond, Mrs. Hamlin sold the property to the complainant, who filed his bill in this case under the statute providing for this method to quiet titles to real estate. The main contention related to the sufficiency of the execution by L. E. Hamlin, the husband of Mrs. Emma F. Hamlin, of his consent to the

execution of the mortgage to the Association. Decree for complainant.

OLIVER R. HOOD, for appellant, cited, to show that the mortgage from Mrs. Hamlin to the defendant was valid. *Goodlett v. Hansell,* 56 Ala. 346; *Jones v. Morris,* 61 Ala. 518; *Gambrill v. Rose,* 44 Am. Dec. 760; *Cobb v. Hines,* 59 Am. Dec. 559. (2). Complainant estopped himself from denying the validity of the mortgage.—*Kennedy v. Brown,* 61 Ala. 296; *Burkly v. Lynch,* 47 Ala. 210. (3. Defendants subrogated to the rights of Bellinger.—Sheldon on Subrogation, § § 8, 80; *Bolman v. Lobman,* 47 Ala. 507; *Watts v. Bank,* 76 Ala. 474.

GEO. D. MOTLEY, *contra.*—There must be words of conveyance.—*Webb v. Mullins,* 78 Ala. 111. (2). Mortgage from Mrs. Hamlin to defendant void because husband did not join.—*Davidson v. Cox,* 112 Ala. 510; *Blythe v. Dargin,* 68 Ala. 370; *Bruce v. Wood,* 35 Am. Dec. 380. (3). No subrogation.—*Fry v. Hamner,* 50 Ala. 52; *Riley v. Pierce,* 50 Ala. 93.

SHARPE, J.—The bill of complaint is filed under the act of Dec. 10th, 1892, (Code, § 809, *et seq.*), to obtain a decree quieting the title to land of which the complainant is in possession as the vendee of Mrs. Emma F. Hamlin.

The act prescribes in general terms what such a bill must contain and this bill conforms to its requirements. Nothing appears in it calling for an offer to do equity on the part of the complainant. The demurrer was properly overruled. The exceptions to the answer should also have been overruled.

By the statute the defendant was required to set forth and specify not only its title, but also its "claim, interest or incumbrance and how and by what instrument the same is derived and created." The defendant answering sets up a mortgage upon the land alleged to have been executed to it by Mrs. Hamlin and her husband prior to the complainant's purchase, to secure a loan of money. It was proper for the answer to show the defendant's right as a foreign corporation to acquire the mortgage

as well as the amount secured by it, and how and when the same was payable, and to that end to set forth or allege by-laws which entered into and formed a part of the contract. The application for the loan was a step which the by-laws made necessary to the regularity if not to the validity of the loan. It may be that certain irrelevant by-laws are exhibited but they are not pointed out by the exceptions.

The letters of complainant exhibited in the answer were set out as the foundation of the defendant's claim that he assumed the payment of the mortgage debt and were not impertinent to that theory of defense. The exceptions being only for impertinence cannot be used to test the merits of the defense.

The supposed infirmity in the mortgage of Mrs. Hamlin to the defendant lies in the form of words used as expressive of her husband's joinder therein. Our statute provides with certain exceptions that the wife "cannot alienate or mortgage her lands or any interest therein without the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of lands."—Code, § 2528; Code of 1886, § 2348. This statute has been construed to mean "nothing more nor less than the husband shall join in the alienation in such a way as would be necessary to a conveyance of his interest in the land, if the land belonged to him in severalty or joint'y or in common with others."—*Davidson v. Cox*, 112 Ala. 510. The instrument in question is drawn in terms which would be appropriate for a mortgage to the defendant by Mrs. Hamlin if she were a *feme sole*, reciting the consideration and the description of property and using apt words for its conveyance. At the conclusion of its recitals of her action, is the following: "And I, husband of Emma F. Hamlin hereby consent to the making and execution of this deed by her and join her in its execution and the conveyance of the property to the Interstate Building and Loan Association. All erasures and interlineations made before signing. In witness whereof we hereunto set our hands and seals this 20th day of April, 1894." Next follows the signatures of Emma F. and E. L. Hamlin with attestation by

witnesses and certificates of acknowledgment as to both the signers in due form.

It may be that this recital on the husband's part in the transaction standing alone would be insufficient in respect to the description of the property. It is certainly the law that to pass the title to land, words must be used, sufficient to show an intention of the parties to convey, but it is also certain that neither under the common law nor the statute is any set form or arrangement of words necessary. It is sufficient if those adopted show an intention of the parties to convey.—4 Kent 491; Devlin on Deeds, § ——; *Wisdom v. Reeves,* 110 Ala. 418; Code, § 983. And the intention may be arrived at from words supplied by adoption from another deed where the writing under construction makes appropriate reference thereto.—*Lemon v. Graham,* 131 Pa. 447; *Harlowe v. Hudgins,* 84 Texas 107, 31 Am. St. Rep. 21; *Wisdom v. Reeves, supra.* For a stronger reason parts of a deed may be referred to in and made operative upon other apparently disconnected parts of the same instrument. Such effect is produced in this mortgage by the recital of E. L. Hamlin's joinder in the conveyance looked to in connection with the entire instrument. It was an adoption of the terms of conveyance, including the words "grant, bargain, sell, and convey," and an application of those terms to his act, in a way which would have conveyed his interest in the land if he had owned any.

It thus appears that the mortgage made to the defendant is a valid security for the loan to Mrs. Hamlin. This fact repels its claim to subrogation under her mortgage to Bellinger which was paid out of its loan.

Let the final decree and the order sustaining exceptions to the answer and therein charging costs against the defendant be reversed and a decree here rendered declaring the defendant's only interest in the land in controversy to be derived from the mortgage from Emma F. and E. L. Hamlin mentioned in its answer and that said mortgage is valid and is an encumbrance upon the land described therein superior to the complainant's title to the extent of the unpaid balance of the debt therein mentioned, and charging all costs against the appellee ex-

[Crook, Judge, Etc. v. Newborg & Son.]

cept those incident to the demurrer which by the order of the chancery court were charged against the appellant.

Reversed and rendered.