# Taylor v. Bell.

*Action of Unlawful Detainer.*

1. *Unlawful detainer; right of purchaser at mortgage sale to maintain, suit against tenant in possession.*—Where a landlord, after leasing certain lands, executes a mortgage on the rented premises, if, before the expiration of the rental contract, such mortgage is foreclosed, the purchaser at such sale can not maintain an action of unlawful detainer against the mortgagor's tenant, while he is in possession under such lease, and before its expiration.

2. *Same; same; case at bar.*—In an action of unlawful detainer it was shown that the plaintiff claimed to have purchased the land at a sale under a mortgage executed by the landlord of defendant and to have afterwards acquired title from the purchaser at a sheriff's sale under execution against said landlord. After the lapse of several months, plaintiff gave the defendant notice of such purchase and that the lands had not been redeemed. The defendant was in possession as a tenant for a year commencing January 1st. It was not shown when the mortgage under which the plaintiff claimed was executed by the landlord and when the judgment was rendered upon which the execution was issued under which the sale was made, and for ought appearing in the evidence, the mortgage was executed and the judgment was obtained after the defendant had rented the lands for the current year. *Held*: That such action could not be maintained and the plaintiff was not entitled to recover in the absence of such proof, since, if the mortgage was executed and the judgment was obtained after the defendant went into possession of the land as tenant for the current year, the plaintiff's title to said land, assuming that he acacquired title by his purchase, was subordinate to the rights of the defendant, and the latter's possession could not be disturbed until the expiration of his rental contract.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action of unlawful detainer brought by George W. Taylor, the appellant, against the appellee,

Joe Bell. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the plaintiff requested the court to give the general affirmative charge in his behalf. The court refused to give this charge, and the plaintiff duly excepted. The plaintiff also excepted to the court's giving at the request of the defendant the general affirmative charge requested by him.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant, and the refusal to give the general affirmative charge requested by the plaintiff.

TAYLOR & ELMORE, for appellant, cited *Davis v. Pou*, 108 Ala. 443; *Turner v. Mortgage Co.*, 95 Ala. 278; *Comer v. Sheehan*, 74 Ala. 458.

JOSEPH T. COLLINS, *contra.*—Unlawful detainer will not lie under section 3506.—*Am. Freehold L. M. Co. v. Turner*, 95 Ala. 277; *Davis v. Pou*, 108 Ala. 443.

A purchaser of lands at a sale under a mortgage or deed of trust, who has never had actual possession, cannot maintain an action of unlawful detainer for their recovery.—*Womack v. Powers*, 50 Ala. 5.

TYSON, J.—The suit was unlawful detainer for the recovery of the possession of a tract of land, in which the appellant was plaintiff and the appellee defendant. The facts so far as are material are undisputed. The plaintiff claims to have purchased the land, at a sale under a mortgage executed by one Rembert, the landlord of the defendant, and to have afterwards acquired title from the purchaser at sheriff's sale under execution against Rembert. After the lapse of several months from his purchases, the plaintiff gave the defendant notice thereof and that the land had not been redeemed. This notice was served upon defendant on the 8th day of November, 1895, and the suit began on the 15th of

[Taylor v. Bell.]

said month, after written demand for its possession. The defendant's possession for the year 1895 under his contract with Rembert began the 1st of January, and was not to terminate until the end of the year, when his rent became due. He declined to surrender possession to the plaintiff in pursuance to the demand made therefor. It does not appear when the mortgage was executed by Rembert or when the judgment was rendered, upon which the execution was issued under which the sale was made. For aught appearing the mortgage was executed and the judgment was obtained after the defendant had rented the land for the year 1895. If this was so, the plaintiff's title to the land, assuming that he acquired a title by his purchases, which, however, is not shown, was subordinate to the rights of the defendant and his possession could not be disturbed until the expiration of his rental term. It is needless to say that defendant's landlord, by the giving of the mortgage subsequently, or by the doing of any act, could not impair, in anywise, the rights of the defendant acquired in and to the land for the period secured by the terms of his lease or rental contract. To permit him to do so, would not only sanction a flagrant violation of his contract, but would enable him to destroy his obligation, which was a binding and subsisting one for the entire term for which the land was leased or rented, and to deprive the defendant of a valuable benefit acquired under it. Any statutory provision attempting to confer such a right upon him would plainly violate that mandate of the constitutions of the State and the United States, inhibiting the enacting of any law impairing the obligation of contracts.—State Const., Art. I, §23; U. S. Const., Art. I, § 10. Whatever may be the rights of the plaintiff under section 3506 of the Code, it is very certain that it cannot be construed so as to authorize him, having acquired his right and title to the land in subordination to the defendant's right to the possession thereof, to deprive the defendant of his right of enjoyment for the full term of his lease or rental contract. And this is true, notwithstanding, if it be conceded, that the notice given by the plaintiff

of his purchases and of the defendant's landlord's failure to redeem, had the legal effect to constitute the defendant the tenant of the plaintiff and thereby to abrogate his fealty to the mortgagor and judgment debtor, the former owner of the land.—*Richardson v. Dun*, 79 Ala. 167. As to whether the notice had such effect, we do not here decide.

It is believed that no case can be found which is opposed to these views. Certainly the case of *Richardson v. Dun*, *supra*, is not. Nor do the cases of *Davis v. Pou*, 108 Ala. 443, and *Mortgage Co. v. Turner*, 95 Ala. 272, assert contrary doctrines. In the two latter cases, the tenant acquired his possession under a lease made after the execution of the mortgage, and neither of them were actions of unlawful detainer by the purchaser at a foreclosure sale under the mortgage.

It is clear to us that the plaintiff showed no right to the possession of the land at the date of making his demand or at the date of bringing his suit. As to whether or not he could have offered proof of the mortgage, its foreclosure and his purchase thereunder or of the judgment, execution thereon, and sale thereunder, the sheriff's deed to his vendor, and his vendor's deed to him, we do not decide. He introduced no such evidence and, therefore, that question is not in the case.

Affirmed.