(130 So. 900)
**WINNER, KLEIN & CO. et al. v. FIRST NAT. BANK OF LAUREL, MISS.**

**2 Div. 976.**

Supreme Court of Alabama.

Nov. 20, 1930.

J. F. Aldridge, of Eutaw, and J. H. Curry, of Carrollton, for appellants.

58

Patton & Patton, of Carrollton, for appellee.

SAYRE, J.

Appellee's bill seeks the foreclosure of a mortgage averred to have been executed by appellants' predecessors in title. Appellee's bill avers its right as that of administrator with the will annexed of Jemmie P. Kirkland, deceased, who had survived her husband, D. L. Kirkland, mortgagee, by whom the land in suit had been devised to her. The appeal is from a decree overruling appellants' demurrer to appellee's bill.

A presumption of the payment of a mortgage debt arises after the lapse of twenty years, nothing to the contrary appearing. Goodwyn v. Baldwin, 59 Ala. 127. But this presumption can avail appellant nothing, for the reason that the bill avers the fact to be that "the interest on said debt having been regularly paid up to and including January 1st, 1926. That there is now due on said mortgage debt the principal sum of one thousand dollars, and interest thereon from, to-wit: the 1st day of January, 1926, to the present time [August 15th, 1929]." This averment clearly avoided the presumption of payment which, in its absence, would arise from the mere lapse of time.

It was not essential to the equity of the bill that the mortgage which complainant sought to foreclose should be set out in extenso, its execution and effect having been alleged in substance, nor was there necessity that appellee's bill should aver in terms that the will under which it was acting had been duly probated. The complaint is filed in the name of "The First National Bank of Laurel [its place of business being elsewhere shown in the bill], as administrator with the will annexed," etc. And the further averment is that complainant was appointed as administrator with the will annexed of the estate of the deceased devisee. The demurrer complains of the bill in the respects herein indicated. "It is a rule in pleading, at Common Law, that the nature of a conveyance or alienation should be stated according to its legal effect, rather than its form of words." 1 Daniell's Pl. & Pr. (6th Am. Ed.) 363. And this practice has been followed in the law courts. Id. et seq. And that is the rule of permissible pleading laid down by this court. Christian v. Mortgage Company, 92 Ala. 130, 9 So. 219. So, we think, in respect of the averment of the capacity in which complainant files its bill, it was not necessary to set out in extenso the process of law by which complainant became entitled to sue as administrator. The averment of the capacity in which complainant sued, not to mention the averment that it was appointed as administrator, etc., sufficiently informed the defendants of the right in which complainant complained.

In a bill of review, however, as shown in Goldsby v. Goldsby, 67 Ala. 560, cited by appellants, greater detail is required. The court in that case, to quote the headnotes, held: "There are stronger reasons for demanding strictness of averments in a bill of review, than for demanding it in an original bill. * * * It is necessary to state all of the proceedings in the original cause except the evidence on which the court found the facts on which it proceeded to render a decree"—this for the obvious reason that error must be clearly shown to authorize a bill of review. No such reason obtains in the case here under consideration. The bill sufficiently avers the case which appellants are required to answer—to confess or deny. There is no reasonable ground for misunderstanding or mistake.

Whether or not a solicitor's fee should be allowed to complainant's solicitor will remain for decision on final submission, and then only in the event relief under the main prayer of the bill, relief for foreclosure, shall be decreed.

The demurrer to appellee's bill was overruled without error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.