38 So.2d 272

**MARTIN et al. v. LEAVINS et al.**

**I Div. 330.**

Supreme Court of Alabama.

Jan. 13, 1949.

Martin, Gordon & Gordon, of Mobile for appellant Tanner.

Holberg, Tully & Aldridge, of Mobile, for other appellants.

514

Gaillard & Gaillard, of Mobile, for appellees.

BROWN, Justice.

The original bill was filed April 4, 1937, by appellees as heirs at law of Alfred F. Leavins, deceased, against the appellants Carl T. Martin, Lida B. Allen and John Tanner, seeking the sale for division among the joint owners of "That certain house and lot known as Lot No. 26, Block 15, Mechem and Gass, Second Addition, West Mobile, as shown by Plat of same recorded in Deed Book 142 N.S. Page 233 in the Office of Judge of Probate of said County," located in Mobile County, Alabama.

The bill alleges that the complainants are the heirs at law of said Leavins, deceased, who died intestate April 5th, 1937, owning an undivided one-half interest in and to said property. The specific interest of each of the complainants is alleged.

The bill further alleges that the respondent Carl T. Martin owned an undivided one-half interest in said property which said interest was conveyed to him by Lida B. Allen by warranty deed on September 17, 1945, said deed purporting to convey the entire fee simple title in and to said property. That Allen had previously executed a mortgage to the respondent Tanner; that Martin has been collecting the rents from said property and applying the same to the payment of the mortgage debt. The bill prays for an accounting for one-half of the rents after allowing for necessary improvements and payment of taxes and other legal charges against the property and for a sale and distribution of the property, the allowance of solicitor's fees and the payment of costs and distribution of the remainder of the proceeds to the respective parties as their interests may appear. The bill is single in its scope and purpose and seeks a recovery of the complainants' interests in the property and the income therefrom. Smith-Howard Gin Company et al. v. Ogletree, Ala. Sup., 37 So.2d 507.

Respondents demurred to the bill and, as we interpret the demurrer in the light of the cited case, it is addressed to the bill as a whole. Treating the allegations of the bill as true, as will be done on demurrer, the complainants as heirs at law inherited the estate of Alfred F. Leavins, deceased, and the bill alleges that at the time of his death he owned a one-half interest in the property. Forman v. McAnear, 219 Ala. 157, 121 So. 538; Copeland v. Copeland, 242 Ala. 507, 7 So.2d 87.

The decree overruling the demurrer to the bill is free from error. The bill was amended by striking Lida B. Allen as a party defendant and other amendments were made not of importance here. The defendant Tanner answered, denying the allegations of the bill. Martin answered pleading his title acquired by warranty deed from Lida B. Allen and her husband and denying the allegations of the bill as asserting title to and interest in the property

by complainants; adverse possession by him and those under whom he claims actual, open and notorious for ten years or more; the assessment and payment of taxes and the making of valuable improvements at cost to him and his predecessors in title and possession.

On submission for final decree on the pleadings and proof the circuit court granted relief to the complainants as prayed in the bill, ordering sale of the property for distribution. From that decree the defendants Martin and Tanner have appealed and on submission here were granted leave of severance in the assignment of errors.

■ While some of the evidence in the case was by deposition before the register and much given ore tenus in the court, the material facts, as we view the case, were proven without dispute. Lida B. Allen through whom appellant Martin claims was born Lida B. Wells, the only child and heir at law of Eugene Wells and Lena Borders Wells, and at the time of giving her testimony was 47 years of age. Wells and wife in the year 1907 bought the lot in controversy and built a two room house thereon which they occupied as their home, the husband, wife and daughter constituting the family up until Wells' death June 20, 1910. At that time the contract for the purchase of the lot on the part of the purchasers had not been fully performed, there being a balance due thereon of $50.00. Sometime within the two years following the death of Wells, his widow married Leavins, the ancestor of the complainants, and on the 25th of June 1912, "Lena Wells Leavins, widow of Eugene Wells," completed the payment under said contract of purchase and received from the sellers and their successors in interest a warranty deed to said property. The deed was duly acknowledged by the grantors on the day of its execution and was filed for record in the office of the Judge of Probate of Mobile County December 30th, 1916. This property so acquired became the statutory separate estate of the grantee Lena Wells Leavins.—Code of 1940, Tit. 34, § 65. The parties to this suit claim through said Lena Wells Leavins as the common source of their title. Said Lena Wells Leavins in whom the fee simple title was vested continued the actual occupancy of the property with her said husband until the 27th of December, 1919, when he made known his desire to have his "name on the deed," so that he could improve the property, and in pursuance of his purpose he thereupon procured the preparation of a paper writing in form a deed by one Rasmus, a Notary Public, purporting in the body to be a conveyance of the property by Lena Wells Leavins to Lida Allen and her husband John W. Allen, and purported to be signed and acknowledged by her before W. W. Rasmus, "N. P. M. Co., Alabama." A. F. Leavins signed the paper but did not join in the body thereof as a party thereto. On the same date and as part of the same transaction, Lida Allen and J. W. Allen her husband executed a deed to A. F. Leavins and wife Lena Leavins, purporting to convey the said property to them on a recited consideration of $600.00.

■ The evidence is without dispute that both of these so-called deeds were purely voluntary, that the consideration stated therein was fictitious and in fact no consideration passed for the exchange of said papers. The evidence further is without dispute that said A. F. Leavins made no improvement to the property but he and his wife and other members of the family continued to occupy the property as a home until Leavins' death in April, 1937. Lena Wells Leavins continued in the actual occupancy of said property until her death in the year 1943, her continuous actual possession under claim of right covering a period of 36 years. A short time before her death, as is alleged in the bill, after the death of Leavins, she conveyed the property to her daughter Lida Allen, who immediately went into possession of the same. The complainants have never had possession at any time and their sole claim is as heirs at law of A. F. Leavins, deceased. The alleged deed, assuming that it was signed by Lena Wells Leavins (this fact in dispute), of date of December 27, 1919, and also signed by A. F. Leavins, who did not join in the conveyance as required by the statute, is void on its face and inefficacious to convey title to Lida Allen and her husband. And the deed executed by the said Allen and wife

516

to A. F. Leavins and Lena Leavins conveyed nothing. The grantors therein had no title to convey. Code of 1940, Tit. 34, § 73; Davidson v. Cox, 112 Ala. 510, 20 So. 500; American National Bank etc. v. Powell, 235 Ala. 236, 178 So. 21; Interstate Building & Loan Ass'n v. Agricola, 124 Ala. 474, 27 So. 247; Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A.L.R. 1153, and cases cited.

It, therefore, appears without dispute that neither said A. F. Leavins or his heirs at law have ever had any right, title or possession of the property. It has been in the actual, continuous adverse possession of the defendants and those under whom they claim for more than 20 years without recognition of adverse rights. Such fact forecloses judicial inquiry into the status of the title. Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915 C, 1226; Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346.

The decree of the circuit court is, therefore, reversed and one will be here rendered dismissing the bill. Let the appellees pay the cost of this appeal and of this suit.

Reversed and rendered.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.