41 So.2d 593

**SCHLEY et al. v. CLEANERS HANGER CO.**

**7 Div. 997.**

Supreme Court of Alabama.

June 23, 1949.

Kingman C. Shelburne, of Birmingham, for appellants.

Lusk, Swann & Burns, of Gadsden, for appellee.

432

BROWN, Justice.

This appeal is from a decree of the Circuit Court of Etowah County, in Equity, overruling the demurrer of defendants to the bill as last amended.

The bill, filed by the mortgagee on October 13, 1947, to foreclose a mortgage, is against the mortgagor James H. Schley, Jr., his wife Bessie May Schley, Clifford Nelms and C. E. Watson, who are made parties defendant to the bill. A copy of the mortgage is attached to and made the exhibit to the bill. After appropriate prayer for process against the defendant, the bill further prays: "That this court will by final decree determine that the defendant, James H. Schley, Jr., is indebted to it on said notes with the interest and attorney's fees to which plaintiff is entitled, and will ascertain and decree the exact amount due to be paid to this plaintiff; that plaintiff is entitled to have its mortgage lien on the property described in this bill and the said mortgage foreclosed and the property sold as directed by this court; and this court will ascertain what parts or portions or pieces of said property are in the possession of the respective defendants and will direct the issuance of proper writs of possession to enable purchasers at the foreclosure sale to take and immediately obtain possession of said properties which may be purchased by them, and plaintiff prays for all such other and further relief as in equity and good conscience it may be entitled, and for which it will ever pray."

The bill is single in scope and purpose and has but a single aspect, which is to enforce the mortgage lien on the property embraced in the mortgage and have it sold for the satisfaction of the indebtedness secured, and the costs and expenses incident to the foreclosure. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So. 2d 507; Martin v. Leavins et al., 251 Ala. 513, 38 So.2d 272.

The mortgage attached to and made a part of the bill recites: "That for and in consideration that James H. Schley, Jr., and wife, Bessie May Schley, are justly indebted to Cleaners Hangers Company, in the sum of Twelve Thousand ($12,000.00) Dollars, which is evidenced by 2 promissory notes, dated on the 10th day of May, 1944, and one due on the 10th day of May, 1946, for Six Thousand Dollars, and the other note in the sum of Six Thousand Dollars due May 10th, 1947, said notes bearing interest from date at 6% per annum, payable to the said Cleaners Hangers Company and for the purpose of securing the payment of the same, do grant, bargain, sell, and convey unto (it) the following described real estate and personal property, to wit: * * *."

Paragraph 2 of the bill as amended alleges, "To secure the payment of the notes described above, the defendant, James H. Schley, Jr., joined therein by his wife, the defendant, Bessie May Schley, executed and delivered to plaintiff a mortgage on real estate and personal property owned by the defendant, James H. Schley, Jr., and described therein, to-wit." (Followed by a description of the property.)

The bill further alleges as last amended, "No payments have been made on the indebtedness secured by the mortgage and evidenced by the promissory notes herein referred to, and said indebtedness, except as otherwise herein recited, is unpaid and past due and the mortgage is in default and the plaintiff is entitled to have the same foreclosed." The reference in the last quoted amendment is to the allegations in paragraph 3 of the bill, namely;

"After the execution of the mortgage and on, towit, October 10, 1946, the defendant, James H. Schley, Jr., and the plaintiff, entered into a written agreement under and by which the plaintiff agreed to give the defendant, James H. Schley, Jr., a credit on said mortgage indebtedness of the sum of $1785.51, as of May 10, 1944, and interest to this extent was to be abated on the mortgage debt; in said agreement the same James H. Schley, Jr., was to immediately procure fire insurance in the sum of $5000.00 on the property, real and personal, described in the mortgage, pay the premiums thereon, and deliver said insurance promptly to the plaintiff, with proper loss payable clause thereto attached and to keep said in-

surance in effect. By the terms of said agreement the maturity of the mortgage indebtedness was extended so that one-half of the amount calculated, after allowing the credit of $1785.51 was due to have been paid in one year from October 10, 1946, with the interest thereon, and one-half in two years from such date with the interest thereon and with the further provision that upon the failure to pay the one-half of said mortgage indebtedness and interest thereon within twelve months from the 10th day of October, 1946, the entire indebtedness secured by said mortgage should immediately become due and payable and this plaintiff entitled to foreclose and take possession as provided in the mortgage and this the plaintiff elects to do."

It is further alleged: "The defendants, James H. Schley, Jr., and Bessie May Schley, are in possession of a portion of the real estate described herein and the defendants, Clifford Nelms and C. E. Watson, are in possession of a portion of said real estate and the personal property above described, and included in said mortgage, and the plaintiff is informed and upon the belief of such information charges that the said Clifford Nelms and C. E. Watson have a lease or agreement from the defendant, James H. Schley, Jr., for a portion of the real estate and all of the personal property, or such part of the personal property as now remains upon the premises, but that said lease or agreement between the said Schley and Nelms and Watson is subordinate and inferior to plaintiff's title and right to possession of the property."

The bill further alleges: "5. The mortgage provides that in the event the mortgage is foreclosed in equity there shall be added an attorney's fee equal to 10% of the amount then due and the plaintiff claims the said attorney's fee, or such other attorney's fee, to which it would be entitled by virtue of the provisions contained in said notes and mortgage."

On submission of the case here leave to sever in the assignments of error was granted to the appellants. The appellants' first contention is, taking the allegations of the bill as to the execution of the mortgage quoted above in connection with the recital in the mortgage itself, it is

shown that the wife Bessie May Schley executed the mortgage and notes as the surety for the husband and "it affirmatively appears from the face of the bill that the respondent Bessie May Schley was the surety for her husband James H. Schley." No such allegation is made in the bill. It appears from the allegations that are made that Mrs. Schley joined in the execution of the mortgage so as to release or convey whatever interest she might have as dower, homestead rights or otherwise in the real estate embodied in the mortgage. While the wife was not a necessary party to the bill, she was a proper party, in order that she might be bound by the decree. Flowers v. Barker, 79 Ala. 445; Cade et ux. v. Walker, 214 Ala. 675, 108 So. 594.

The next contention of appellant is that the alleged extension agreement is not sufficiently stated in the bill. That the agreement which appears to have been in writing is not attached to or made a part of the bill nor is it set out in haec verba and that the consideration for said extension does not appear. It is permissible in pleading a contract to state its substance and legal effect. Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Sovereign Camp W. O. W. v. Brownrigg, 231 Ala. 162, 163, 167, 163 So. 786; Winner, Klein & Co. v. First Nat. Bank, 222 Ala. 57, 130 So. 900. It was not necessary for the complainant to exhibit the note secured by the mortgage in the bill. Fenno et al. v. Sayre & Converse, 3 Ala. 458; 59 Corpus Juris Secundum, Mortgages, § 637, page 1131. A sufficient consideration for the execution of the alleged agreement was that the mortgagor was to insure the property, pay the premiums on the policy and deliver the same to the mortgagee.

The bill alleges: "The defendants, Clifford Nelms and C. E. Watson are in possession of a portion of said real estate and the personal property above described and included in said mortgage, and the plaintiff is informed and upon the belief of such information charges that the said Clifford Nelms and C. E. Watson have a lease or agreement from the defendant, James H. Schley, Jr., for a portion of the real estate and all of the personal property, or

such part of the personal property as now remains upon the premises, *but that said lease or agreement between the said Schley and Nelms and Watson is subordinate and inferior to plaintiff's title and right to possession of the property."* [Italics supplied.]

The contention of appellant is that from all that appears in the quoted averment the lease of Nelms and Watson was entered into prior to the execution of the mortgage and at a time when there was no incumbrance on the title of Schley. Construing the allegations most strongly against the pleader, this contention may be conceded, and if this is consistent with the facts, the leasee would not be subordinate to the mortgage. Taylor v. Bell, 129 Ala. 464, 29 So. 572; Otis v. McMillan & Sons, 70 Ala. 46; Wells v. American Mortgage Co., 109 Ala. 430, 20 So. 136.

Such interpretation would characterize the italicized averment as a mere conclusion of the pleader. The demurrer does not take this point. The only demurrers filed by Nelms and Watson were the general demurrers, for want of equity. Equity Rule 101, Code 1940, Tit. 7 Appendix, deals with subsequent incumbrancers who may be brought in as proper parties, so as to allow them to state their claims and the foundation thereof. The general demurrer filed by respondents and Nelms was not well taken.

We find no error in the decree of the court overruling the demurrer to the bill as last amended.

Affirmed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.