96 So.2d 166

James D. GARNER et al.

v.

Andrew D. PETERS et al.

8 Div. 888.

Supreme Court of Alabama.

April 25, 1957.

Rehearing Denied June 27, 1957.

Britnell & McEntire, Decatur, for appellees.

Powell & Powell, Decatur, for appellants.

GOODWYN, Justice.

On September 11, 1956, James D. Garner filed a bill of complaint in the circuit court of Morgan County, in equity, against Andrew D. and Helen G. Peters seeking to enjoin the Peters from foreclosing a mortgage executed by Garner and his wife, Dorothy M. Garner, and offering to do equity. The import of the bill is that the complainant is not in default in payment of the monthly installments due on the mortgage indebtedness; and that the respondents have refused to accept, without just cause or legal excuse, the current payment due on said indebtedness it being alleged that complainant "does not owe respondents the amount claimed under said mortgage and your complainant has paid respondents large sums of money on the

lands and indebtedness secured by said mortgage both as to the principal and interest and the respondents have not duly and properly credited the same to your complainant's account under said mortgage indebtedness and the amount actually due and owing under said indebtedness secured by said mortgage is in dispute between the parties and the same is uncertain, and in addition to this said respondents seek to add an excessive attorney's fee for legal services in and about their attempt to foreclose said mortgage, as aforesaid, all of which is improper and not necessary and your complainant has offered to do equity and has advised the respondents that he was ready, willing and able to pay them the entire indebtedness secured by said mortgage, and the respondents have wholly refused to accept the same, but are claiming an excessive and unlawful amount under said mortgage and more than is actually due thereunder". Attached to the bill is a copy of the mortgage executed by the Garners, dated October 14, 1953, and also copy of respondents' published notice of mortgage foreclosure sale dated August 13, 1956, setting September 14, 1956, as the date for sale of the mortgaged lands.

At the time of filing the bill the trial court issued a temporary restraining order against respondents enjoining the foreclosure sale upon execution by complainant of a bond in the amount of $1,000. This bond having been entered into and approved, a temporary injunction was issued in accordance with the order.

The respondents answered the bill denying that complainant has made all payments due in accordance with the terms of said mortgage and the note secured thereby, and specifically alleging default in payments due and further alleging that after default in such payments the respondents "advised complainant that said mortgage and the note accompanying the same had been turned over to their attorneys, Britnell & McEntire, for foreclosure." Respondents made their answer a cross-bill, further alleging that Dorothy M. Garner, as the wife of James D. Garner, joined in the execu-

tion of the mortgage "for the purpose of releasing and relinquishing any homestead, dower, or other rights she might have in and to said property, and that she is, in the opinion of said respondents and cross-complainants, a proper party to this cross-bill." The cross-bill makes Dorothy M. Garner a party thereto together with her husband, James D. Garner, the original complainant in the proceedings, and seeks a foreclosure of the mortgage together with payment of a reasonable solicitor's fee for cross-complainants' solicitors and other lawful expenses as provided for under the terms and conditions of the mortgage. There is also a prayer for general relief.

Attached to and made a part of the cross-bill is a copy of the mortgage note showing execution only by James D. Garner.

The complainant and cross-respondent James D. Garner and cross-respondent Dorothy M. Garner jointly and severally demurred to the cross-bill. Their demurrer being overruled they bring this appeal from that ruling.

As argued here the points insisted on by appellants are as follows: I. That the respondents can obtain full relief under the original bill and for this reason the cross-bill should not be entertained. II. That it was error to permit the bringing in of Dorothy M. Garner as a cross-respondent since she was not a party to the original bill. III. That to give relief to the cross-complainants under their cross-bill would make Dorothy M. Garner, the wife of James D. Garner, personally liable for the debt of her husband in violation of Code 1940, Tit. 34, § 74, which provides that "the wife shall not, directly or indirectly, become the surety for the husband."

### I and II.

In support of these contentions, appellants rely on the following cases: Gilman, Sons & Co. v. New Orleans & Selma R. R. Co., 72 Ala. 566; McDaniel v. Callan, 75 Ala. 327; Alston v. Morris & Co., 113 Ala. 506, 20 So. 950; Haralson v. Whitcomb,

200 Ala. 165, 75 So. 913; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 Ala. 223; and Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768. Those decisions were rendered prior to passage of Act No. 175, appvd. March 1, 1937, Gen. and Loc. Acts, Extra Session, 1936–1937, p. 208, amending § 6550, Code 1923, which is the forerunner, in part, of Equity Rule 26. The present case is controlled by this rule, as last amended on December 17, 1954, Code 1940, Tit. 7, Appendix, Cumulative Pocket Part, which provides as follows:

"Rule 26.

"Cross-bills. A defendant may obtain relief against a party plaintiff or defendant for any cause connected with or growing out of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged must be considered in the nature of a cross-bill and be heard at the same time as the original bill. *And such cross-bill will not be subject to objections or demurrer on the ground that the relief sought in it is available in that suit without a cross-bill, if the relief is such as that it is enforceable in equity,* and such a cross-bill must be retained and a trial had on it although the original bill may be dismissed or relief on it is denied [this sentence added by the 1954 amendment]. *When the presence of parties other than those to the original bill is required for the granting of complete relief, such outside persons may be made defendants to a cross-bill incorporated in the answer or otherwise.* It shall not be necessary to issue a summons or a copy of the cross-bill to any defendant to a cross-bill who is a plaintiff in the original bill. The party complainant or defendant, as to whom such new matter is alleged, must make answer thereto under the rules and regulations provided for the answers of defendant to original bills." [Emphasis supplied.]

In Kendall v. Cornellison, 264 Ala. 16, 20, 84 So.2d 494, 497, we held that, in view of the 1954 amendment to Rule 26, supra, the complainant's grounds of demurrer addressed to a cross-bill "making the point that the relief prayed for is obtainable without a cross-bill, were properly overruled." That holding is also applicable to the trial court's ruling on the demurrer to the cross-bill in the instant case.

As already indicated the cross-bill seeks a foreclosure of the mortgage. That such relief is an original ground of equitable jurisdiction is well-established. McCary v. Crumpton, 263 Ala. 576, 580, 83 So.2d 309; Taylor v. Shaw, 256 Ala. 467, 471, 55 So.2d 502; Kemp v. Brown, 251 Ala. 552, 38 So.2d 329; Evans v. Leeth Nat..Bank, 245 Ala. 433, 434, 17 So.2d 161; Carpenter v. First Nat. Bank of Birmingham, 236 Ala. 213, 216, 181 So. 239.

In Smith v. Colpack, 235 Ala. 513, 515, 179 So. 520, 522, this court recognized the change wrought in § 6550, Code 1923, by amendatory Act No. 175, appvd. March 1, 1937, supra, as "providing that a cross-bill may bring in any other party who would be a proper party to the matter in controversy." In Schley v. Cleaners Hanger Co., 252 Ala. 430, 433, 41 So.2d 593, 596, we had this to say with respect to a. bill to foreclose a mortgage, viz:

"* * * It appears from the allegations that are made that Mrs. Schley joined in the execution of the mortgage so as to release or convey whatever interest she might have as dower, homestead rights or otherwise in the real estate embodied in the mortgage. While the wife was not a necessary party to the bill, she was a proper party, in order that she might be bound by the decree. Flowers v. Barker, 79 Ala. 445; Cade et ux. v. Walker, 214 Ala. 675, 108 So. 594."

Although the wife, Dorothy M. Garner, was not a necessary party to the cross-bill, she was a proper party.

### III.

As we read and understand the cross-bill, Dorothy M. Garner is made a party thereto in order that she might be bound by the decree of foreclosure with respect to whatever interest she might have in the mortgaged property. From a copy of the mortgage note, attached as an exhibit to the cross-bill and made a part thereof, it affirmatively appears that it was executed by James D. Garner alone. And it seems to us that the other allegations of the cross-bill also clearly show that the indebtedness is that of James D. Garner alone and that the purpose of the bill is not to fix a personal liability against Dorothy M. Garner. The prayer is that the court "require cross-respondent, James D. Garner, to pay the amount ascertained to be principal and interest, cost, attorney's fees, and other lawful expenses under the terms and conditions of said mortgage." There is no prayer that Dorothy M. Garner be required to pay any part of this.

The decree overruling the demurrer to the cross-bill is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.