106 So.2d 250

**Henry CRAWFORD et al.**

v.

**Joseph G. ESPALLA et al.**

**I Div. 687.**

Supreme Court of Alabama.

Nov. 6, 1958.

Vincent F. Kilborn and Michael J. Salmon, Mobile, for appellants.

Caffey, Gallalee & Caffey, Mobile, for appellees.

COLEMAN, Justice.

The question on this appeal is whether or not the Circuit Court, in Equity, committed error in sustaining demurrer to a bill of complaint having two aspects, one as a bill of review and another as an original bill in the nature of a bill of review. The demurrer is addressed to the bill as a whole. Our cases are clear to the effect that if in any aspect the bill sufficiently states a cause of action, the demurrer addressed to the bill as a whole should be overruled. Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7; Ala.Digest, Equity, ⊂⊃

No. 232. If, however, the bill, in both aspects, fails to state a good cause for equitable relief as against the grounds interposed, the demurrer was correctly sustained and the decree appealed from was not in error.

The complainants below, appellants here, seek to avoid a decree rendered by the Circuit Court of Mobile County, in Equity, on April 18, 1956, wherein that court decreed that appellee, Espalla, respondent and cross-complainant in that prior suit, was the owner of a certain note secured by mortgage on real estate in Mobile County owned by complainants, that the amount of the mortgage debt was $2,590.72, that complainants had defaulted in payment of the debt, and ordered said real estate sold on June 25, 1956, in foreclosure of said mortgage.

According to the averments of the bill of complaint now before us, the foreclosure decree under attack came to be entered in the following manner:

In December, 1954, the complainants, apparently husband and wife, engaged one Rast, also named as a respondent but apparently never brought into court in the instant suit, to make certain repairs and improvements on the suit property. The instant bill avers that the agreed price to be paid Rast was $1,196; that on December 27, 1954, Rast presented to complainants a document which Rast represented to be the agreed contract but which was in fact a proposal to do the work for $1,448 and that complainants rejected this proposal; that on January 10, 1955, Rast presented another document to complainants and represented to them that this second document contained the original agreement and that complainants executed this second document in reliance on said representations made to them by Rast; that in fact said second document was a mortgage on their above mentioned real estate securing a note for $2,048, and that complainants were caused to execute said mortgage by reason of fraud, deceit, trickery, and misrepresentations of Rast in representing that the document they executed was a simple agreement

to make the repairs for the agreed price of $1,448; that upon discovery of the fraud thus practiced upon them by Rast, complainants employed an attorney of Mobile, Alabama, and through him on April 27, 1955, filed a bill of complaint in the Circuit Court of Mobile County, in Equity, praying for cancellation of said mortgage and for general relief; that Rast, the sole respondent to said bill, on May 30, 1955, filed a motion to strike himself as a party thereto on the ground that the mortgage had been transferred to Espalla, appellee on this appeal, prior to filing said bill of complaint on April 27, 1955, and that Rast disclaimed any interest in the suit property; that complainants' attorney on July 1, 1955, filed a motion to dismiss Rast's motion to strike himself; that while said motions were pending, Espalla, on June 2, 1955, filed an unverified motion to intervene in said suit and also filed a cross-bill; that the motion to intervene was granted June 13, 1955, and Espalla filed answer and cross-bill on July 6, 1955; that complainants were never served with process as to such intervention until June 7, 1956, but complainants' attorney filed an answer to Espalla's cross-bill on July 14, 1955; that " * * * at some time intervening the filing of the motion by Respondent Rast to strike himself * * *" (which was May 30, 1955), and the hearing of said motion on December 5, 1955, complainants' attorney became ill and died on December 2, 1955, three days before Rast's motion to strike himself was granted; that during his illness and prior to his death, complainants' attorney was not able to attend to his affairs, and, " * * * having been made aware of the illness of their counsel * * *," complainants inquired of him and were informed that a second attorney, also of Mobile, having the same surname as but no kin to complainants' first attorney, was handling the affairs of the attorney who was ill, and, "Having been so advised, your Complainants took no further concern over any possible lack of representation and were under the impression that their interests were being protected * * *." by the second attorney;

that on November 30, 1955, unknown to complainants, the Deputy Register "addressed" to the second attorney a letter advising that the case had "been passed continuously since June 6, 1955 * * *," and that "The Court will make some ruling on the above motions on December 5th, and wishes to hear from you as to whether or not you are·in the above case;" that complainants were never informed of the letter or the court's proposal to act; that shortly after the death of their first attorney, one of complainants visited the second attorney who advised her he would look into the matter, and that she further visited him "on two other occasions and lastly on April 19, 1956, about this case;" at no time were complainants aware that they were not being represented by the second attorney or that the court had communicated with him or that the case was set for trial or had been tried until complainants received a letter from the second attorney on May 29, 1956, advising them " * * * there has already been a judgment taken in the case," and the property was to be sold June 25, 1956, according to notice by the court, and that "It looks like there is nothing to do but make arrangement for someone to buy the property in for you at the sale;" that on receipt of the letter of May 29, 1956, complainants immediately consulted the second attorney and were told he was not interested in handling the case; that complainants have now discovered that the case was set and heard by the court on April 18, 1956, when the decree of foreclosure now complained of was entered; that complainants have exercised due diligence, had no notice that the case was to be heard, and that the court was without jurisdiction to render the foreclosure decree because, (a) prior to filing his bill to intervene Espalla had transferred the mortgage to Adele M. Clinton, and (b) when the court granted the motion of Rast "to strike the bill of complaint in this cause, there remained nothing before the Court whatsoever, and in effect the Court worked a complete change of parties without warrant of law * * *;" that complainants have a

meritorious defense, and that they are "ignorant negroes unlettered in the law and are not cognizant of Court procedures, process and the like."

The instant bill containing the aforesaid averments was filed June 22, 1956, by counsel who represents complainants on this appeal.

The appellee, Espalla, demurred and assigned grounds taking the points, among others, that the averments of the bill do not acquit complainants of negligence in their defense of the suit wherein relief is sought, and that it affirmatively appears that complainants were negligent in not ascertaining that the second attorney was representing them or if he was, then he was negligent. The demurrer was sustained and complainants bring this appeal. We will consider the sufficiency of the two aspects of the bill of complaint.

### As a bill of review.

"With respect to the nature of the error apparent upon the face of the decree, which will support a bill of review, this court has clearly expressed the rule as follows:

" 'The errors which will support a bill of review are errors of law apparent on the face of the decree. There must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree. (Citation omitted.) Or, as it is expressed in 2 Dan. Ch.Pr. 1576, "the decree complained of, must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court." (Citations omitted.) Though it is said, error apparent exists, when the decree is at variance with the forms and practice of the court, it must not be understood that the bill can be maintained because of matter of form, or that the propriety of the decree can be questioned. (Citations omitted.) Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may have intervened—errors in the regularity of the proceedings, erroneous deductions from the evidence—must be corrected by writ of error, or by appeal; it is not the office of a bill of review to inquire into and correct them. (Citations omitted.)" (Par. added.) Jones v. Henderson, 228 Ala. 273, 276, 277, 153 So. 214, 217.

See also Nesbitt v. Hagan, 265 Ala. 213, 216, 217, 90 So.2d 217, 219, where it is said:

" * * * a bill of review is not a substitute for an appeal, and to support it there must be error of substance of prejudice to the complaining party on the face of the pleadings, proceedings, or decree. Comparing the decree with the pleading and other proceedings, it must be apparent that the court reached and declared an erroneous conclusion of law as to the rights of the parties. Other errors such as irregularities in proceedings and improper deductions from evidence, must be corrected by appeal or writ of error. (Citations omitted.)" (Par. added.)

■    Complainants insist that the bill can be sustained as one of review for error apparent on the face of the record in the suit wherein the foreclosure decree of April 18, 1956, was rendered on the cross-bill of the intervenor and cross-complainant, Espalla, and argue two propositions to show such apparent error.

First, appellants insist that "When the Court granted the motion of Rast and struck him as a party Defendant, this in effect dismissed the bill and the dismissal carried with it the cross-bill of the intervenor Espalla since not founded upon an independent equity."

■ In Etowah Mining Co. v. Wills Valley Mining & Mfg. Co. (Ex parte Etowah Mining Co.) 121 Ala. 672, 675, 25 So. 720, 722, cited by appellants, this court said:

"* * * A cross bill being auxiliary to the main cause, as a general rule the dismissal of the original bill carries with it the cross bill. The exception is where the cross bill shows ground for equitable relief for matters growing out of the subject-matter of the original bill which may uphold the jurisdiction of the court independent of the original bill. Abels v. Planters' & Merchants' Ins. Co., 92 Ala. 382, 383, 9 So. 423; Wilkinson v. Roper, 74 Ala. 140; Continental Life Ins. Co. v. Webb, 54 Ala. 688."

The cross-bill of Espalla to foreclose the mortgage is within the exception. We have said:

"* * * While as a rule the dismissal of an original bill carries with it the cross bill, that is not true where the cross bill alleges facts which show a right to equitable relief and prays for it." Mathison v. Mathison, 267 Ala. 101, 100 So.2d 11, 13.

and:

"As already indicated the cross-bill seeks a foreclosure of the mortgage. That such relief is an original ground of equitable jurisdiction is well-established. McCary v. Crumpton, 263 Ala. 576, 580, 83 So.2d 309; Taylor v. Shaw, 256 Ala. 467, 471, 55 So.2d 502; Kemp v. Brown, 251 Ala. 552, 38 So.2d 329; Evans v. Leeth Nat. Bank, 245 Ala. 433, 434, 17 So.2d 161; Carpenter v. First Nat. Bank of Birmingham, 236 Ala. 213, 216, 181 So. 239." Garner v. Peters, 266 Ala. 303, 306, 96 So.2d 166, 168.

See also Wilson v. Crocker, 267 Ala. 26, 99 So.2d 190; Ala.Digest, Mortgages, ☞ No. 386. Under the cited authorities, dismissal of the original bill did not dismiss the cross-bill, and appellants' first proposition as to error apparent is not well taken.

■ Appellants' second proposition is that error apparent is shown because Rast, the sole original respondent, was stricken and the cause proceeded to final decree in favor of the intervenor, Espalla, as respondent and cross-complainant, thus working an entire change of parties respondent.

The rule against working a complete change of parties respondent by amendment has no application here. Espalla came into the suit by intervention, not by amendment.

In holding that § 247, Title 7, Code 1940 (Code 1923, § 9485), applies in equity as well as at law the late Chief Justice Anderson wrote for the court as follows:

"In our recent case of Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 155 So. 538, we held that this statute applied to procedure in equity as well as in actions at law, and while it does not create a cause of action or give a right of intervention where the party seeking to intervene has otherwise no cause of action, it does mean that a party can intervene if he has a right or cause of action as therein defined. In other words, if he comes within the requirements of the statute as to the interest in the litigation, the remedy to intervene is given, though he enjoyed no such remedy before the enactment of said section 9485." Dodd v. Deepwater Coal & Iron Corporation, 233 Ala. 392, 393, 171 So. 732.

The remedy provided by this code section was said to be cumulative in Gipson v. Hyatt, 243 Ala. 118, 8 So.2d 926, and the relation of the statute to Equity Rule 37, Code 1940, Title 7 Appendix was noted in Rollins v. Deason, 263 Ala. 358, 82 So.2d 546.

■ As we have already undertaken to show, under the averments of appellants' bill in the instant case, Espalla, the intervenor and cross-complainant, as-

serted that he possessed an interest in the subject-matter of the complainants' former suit and sought to protect that interest by intervening in that suit. It appears from the averments of the bill in the record now before us, that under the statute Espalla had a right to do this, and as was said in Dodd v. Deepwater Coal & Iron Corporation, supra:

"Here the intervener claiming through the respondent filed a cross-bill setting forth his claim or title and asking for affirmative relief, and, if this cannot be done, the intervention would be vain and useless." 233 Ala. 392, 393, 171 So. 732, 733.

Appellants' second proposition to show error apparent is also without merit, and in its aspect as a bill of review the instant bill fails to state a cause for equitable relief.

### As a bill in the nature of a bill of review.

■ "We entertain no sort of doubt that a court of equity may, in a proper case, upon proper averment and proof, grant relief from a decree rendered in an equity court to the same extent, and upon the same grounds, that relief could be had from a judgment at law, obtained by fraud, accident, or mistake, unmixed with negligence on the part of the defendant in the judgment." Barrow v. Lindsey, 230 Ala. 45, 47, 159 So. 232, 234.

Appellants do not base their right to relief on fraud in procurement of the decree of April 18, 1956, but argue that they were prevented from making their defense against that decree by "accident, surprise or mistake, without fault" on their part, and candidly state in brief:

"This matter really boils down to a question then: Does the bill on its face sufficiently acquit the Complain-

ants of negligence so as to state a case on the face of the bill, entitling them to review the decree rendered against them."

Appellants recognize that under the holding in Barrow v. Lindsey, supra,

"* * * it is not sufficient ground for relief that the attorney became ill, if an adequate opportunity would have been given her to secure other counsel, had complainant exercised reasonable diligence in ascertaining the facts with reference to her then attorney. In such a case, the failure to exercise such reasonable diligence would be negligence, closing the door of a court of equity against relief.

"The law does not favor those who sleep upon their rights, but rather those who are vigilant, and give them proper attention. This is an ancient maxim, and has been frequently applied to cases of this kind. Jernigan v. Jernigan, 179 N.C. 237, 102 S.E. 310."

Appellants insist that in the instant case they have shown reasonable diligence in obtaining counsel and have bestowed on their suit the care and attention which a man of ordinary prudence usually bestows upon his important business. We do not agree.

In Barrow v. Lindsey, supra, as to complainants' prudence or lack of fault the averment was "That unknown to her, her attorney, * * * long prior to the expiration of said thirty days in which she was allowed to answer said bill, had become physically and mentally incompetent * * *."

In the instant case, the averments are that "at some time intervening the filing of the motion by Respondent Rast to strike himself" (motion to strike was filed May 30, 1955) "and December 5, 1955," complainants' first attorney became ill, that complainants learned of his illness, and did

contact the second attorney. The bill fails to aver that complainants employed the second attorney but merely says they "were under the impression" he was representing them. In a suit which complainants themselves had started, the decree complained of was entered April 18, 1956, more than ten months after complainants' first attorney became ill, of which fact complainants had knowledge, and more than four months after his death.

Complainants either employed the second attorney or they did not. If they did not, then they were negligent in not employing counsel, or appearing for themselves as they had a right to do. Constitution of 1901, § 10; May v. Williams, 17 Ala. 23.

If, however, complainants did employ the second attorney, then he was negligent in not appearing and attending to the litigation of his employment. In that event, complainants are chargeable with the negligence of their attorney. Brown v. Brown, 213 Ala. 339, 105 So. 171; Ex parte Cox, 253 Ala. 647, 46 So.2d 417, and as a general rule mere negligence of an attorney is not sufficient to support the right of his client to equitable relief by bill in the nature of a bill of review, Long v. Long, 104 Ark. 562, 149 S.W. 662.

In the case at bar, negligence is imputable to complainants even if they did employ the second attorney. This court has said:

> "The case made by the present record falls very far short of coming up to the rule declared above. It puts the petitioner's counsel in fault, but then petitioner is held accountable for the fault, or inattention of his counsel. The petitioner even fails to show himself blameless. He should have attended the court, that he might be ready to make application for a continuance, or for a new trial, if necessary." Ex parte Walker, 54 Ala. 577, 579.

The bill is without merit in either aspect and the decree sustaining the demurrer is due to be affirmed.

Affirmed.

All the Justices concur.